The opinion of the Court was delivered by
Fenner, J.
Briefly stated, the facts essential to an understanding of the points of law raised, are the following :
The defendants, Lee Vines and George L. Vines, in execution of a conspiracy to kill one John Pye, lay in wait upon a road along which Pye, who had been arrested upon the affidavit of one of them, was conducted, in official custody, to the office of the magistrate. Pye was accompanied by his son-in-law, W. T. Smith.
On the approach of the party, Lee Vines shot and killed John Pye, and, in the course of the affair, George L. Vines, it is charged, shot and killed W. T. Smith.
Separate indictments were filed against both: one charging them with the murder of Pye; the other, with the murder of Smith.
The case for the murder of Pye was first tried, and resulted in a verdict convicting Lee Vines of manslaughter, and acquitting George L. Vines.
The case now before us is for the murder of Smith.
In bar of the prosecution, the defense interposes the plea of autrefois convict in behalf of Lee Vines, and autrefois acquit in behalf of George Vines.
Error is assigned in the ruling of the court setting aside these pleas.
The principle of the law underlying such pleas is, that the law will not suffer a man to he twice put in jeopardy for the same offense. 1 Archhold’s Cr. Pr. and PI. 111.
*1082 The principle is .embodied in our Constitution, in the following language: “nor shall any persoh be twice put in jeopardy for the same offense.”
Identity of the offense charged is an essential element in support of the plea.
By this is not' meant, formal, technical, absolute identity, but only such substantial identity that the evidence necessary to support the second indictment would have been sufficient to procure a'legal conviction upon the first. People vs. Barret, 1 Johns, 66; Com. vs. Cunningham, 13 Mass. 245 ; Hite vs. State, 9 Yerger, 357; Wharton’s Cr. Pr. and Pl., §471 ; 1 Archbold’s Cr. Pr. and Pl., p. 112.
In the instant case, it is clear that the indictment for the murder of Smith might have been supported by evidence not including proof, even of the killing of Pye, and, therefore, utterly insufficient to sustain an iudictment for the murder of the latter.
. The conspiracy and the malicious intent may have been common elements of both crimes, but this is not sufficient to constitute identity of the crimes themselves, which comprise not only those elements, but also objective acts.
The killing of: Smith by George Vinos is a totally distinct and different offense from the killing of Pye by Lee Vines, although both acts were done in execution of the same conspiracy. They are not different grades of the same crime. They are not two felonies resulting from the same identical act. They are not different aspects of the same unlawful act. They bear no relation to each other, in which one of them can be said to be merged in the other. They are included in none of the hair-splitting distinctions which have involved this subject: in the language of Mr. Wharton, “ in a labyrinth of subtleties.”
Tiie corpus delicti in each is, in every respect, distinct and independent.
We are not concerned, and it is not necessary to reconcile the con-> elusions of the juries in the two cases on the fact of the conspiracy. The verdict against George Vines, at least, might rest without any proof whatever of conspiracy, if Smith was killed by his hand; which is alone sufficient to show the unsoundness of the plea, so'far as based upon the element of conspiracy. But holding that the pleas of twice in jeopardy were properly overruled, the jury -was vested with the power of deciding all questions involved.
, Three bills of exception are found to rulings of the court upon reception of evidence:
1. Tiie first exception was to permitting the State’s witness to “ narrate the whole occurrence, as it took place at the time of the killing of Smith,” the objections being that this included the killing of *1083 Pye, which, being a distinct felony, was not admissible; and because conspiracy was not expressly charged.
The court overruled the objections, because the evidence was admissible as part of the res gestee, and because the accused were all charged as principals.
The ruling is fully sustained by authority. As a general rule, all that occurs at the time and place of the killing, in homicide cases, is' admitted as res gestee. Wharton’s Cr. Ev., Sec. 262 et seq.
Proof of á different crime from the one charged, though generally objectionable, is admissible when both offenses are closely linked or connected, especially in the res gestee, and also when such proof is pertinent and necessary to show intent. State vs. Mulholland, 16 An. 377; State vs. Patza, 3 An. 512; State vs. Rohfrischt, 12 An. 382; Wharton’s Cr. Ev., Sec. 262 et seq.
2. Exception was taken to a question propounded by the State tea witness, asking if he knew of any ill-feeling existing between Tines and Pye, which was objected to, on the grounds that it was res inter alios, and not admissible to discover malice as to deceased, Smith.
The Judge, in overruling the objection, recites that the evidence had established the facts, already substantially stated by us in the beginning of this opinion, and admitted the evidence as tending to show upon what malice the accused lay in wait and acted, holding that whether the malice was against Pye or Smith, was immaterial, if the killing of Smith was the result of such malice.
This is sound law; the principle being, that when parties are en- ■ gaged in the commission of a crime with malicious intent, and in the execution thereof, perpetrate another criminal act not originally intended, the unintended act derives its character from the intended crime, and the original malicious intent affects both acts. 1 Wharton’s Cr. L., Sec. 128.
3. The last bill of exceptions as to the admissibility of evidence showing when the trial of Pye, upon the charge on which he was under arrest at the time of the killing, was fixed, seems to us immaterial and frivolous.
Judgment affirmed.