The State of Nebraska, plaintiff in error, v. Palmer Way, defendant in error.

1. **Adultery:** EVIDENCE. Upon a charge of adultery in an indictment, evidence of improper familiarities between the parties, both anterior and subsequent to the time the offense is charged, may be received as corroborating proof, after evidence has been offered tending to prove the offense charged.

2. ———: ———. The statutory offense of wantonly cohabiting with a woman in a state of adultery, is one continued offense, and may be properly charged as having been committed between certain points of time; and proof of such cohabitation during any portion of the time alleged will be sufficient to establish the commission of the offense.

3. ———: SUFFICIENCY OF INDICTMENT. If part of the time charged in such case, is prior to the passage of the act constituting and defining the offense, such prior time may be treated as surplusage, as time is not of the essence of the offense, and the indictment may be held good as charging the offense from the time of the passage of the law, until the last point of time alleged in the indictment.

THIS was a petition in error, filed by the district attorney, to take the opinion of this court upon points which arose on the trial below, before POUND, J., and ruled in favor of Way, who had been indicted in the

district court of Lancaster county for the crime of adultery.

*J. H. Broady, District Attorney* (with whom was *Hunter & Sawyer*), for the state.

The testimony as to subsequent improper familiarities should have been admitted. Whar. Cr. Law, 261, 599 and 2663. Bish. Stat. Crimes, Secs. 682 to 784. *Thayer v. Thayer*, 101 Mass., 111. *People v. Jenness*, 5 Mich., 305.

The act under which the second count is drawn was passed February 25, 1875. Laws of 1875, page 11, Sec. 23. But the acts had been in progress long before that act took effect, and continued until long after the same became criminal under this act, and as the rule of law would permit the whole to be given in evidence to the jury, the charge was made just according to the fact that they might not be taken by surprise by the proof. So far as the time before February 25, 1875, is alleged, that was clearly pleading evidence which was for the benefit of the defendant.

But the statute cures the allegations as to time, if there is any informality therein. Gen. Stat., 816, Sec. 412.

Now, if time had not been stated at all, the indictment would be good, and if stated imperfectly, is still just as good. This is just what counsel say, that time is stated imperfectly.

There is no statement of an impossible time, for the act may have taken place any time, any week, or any day between February 25, 1875, and July 15, 1876.

But the time is not even imperfectly stated, but stated just exactly right for these continuing offenses. *Com. v. Wood*, 4 Gray (Mass.), 11. *The State v. Glage*, 9 Ala., 283. Bish. Stat. Cr., 703.

*Lamb, Billingsley & Lambertson,* for defendant in error.

I. The court did not err in quashing the second count in the indictment for the following reasons:

No offense is charged in that count. The count is not good under section 208 of Procedure Criminal of the laws of Nebraska, for the reason it does not charge "notorious cohabitation" with the woman. "The *notoriety* is as material in making out the offense as is the fact of adultery committed." *People v. Gates,* 46 Cal., 53. *State v. Crowner,* 56 Mo., 147.

The count is not good under the session laws of 1875, section 23, because it alleges the pretended offense to have been committed *on a day* more than six months before the passage of any law making the · * * * * act charged criminal.

The court had no right to put the prisoner upon trial for the acts complained of in the indictment, as they constituted no violation of law.

The *rules of pleading* must not be confounded with the rules of evidence. The prisoner has some constitutional rights.

Though the date of the day, month and year, on which a crime is alleged to have been committed in an indictment be not material *in evidence,* it is yet of importance, as it respects the records of the court. And by the common law it has ever been considered necessary and material to allege the day, month and year. 2 Hawkins' Pleas of the Crown, 325. *State v. G. S.,* 1 Tyler, 295. *State v. Bacon,* 7 Vt., 222. *State v. Litch,* 33 Id., 67. *State v. Temple,* 38 Id., 37. *State v. Thurstin,* 35 Me., 206.

II. The court did not err in rejecting the testimony offered for the following reasons:

The record shows only that testimony had been offered *tending* to show the commission of the act charged.

The record does not show how strongly.   Would the introduction of proof that only created a slight presumption that the prisoner had committed an offense of this kind,—nay, further, would the introduction of proof that created only the slightest suspicion that the prisoner had committed the act, open the door to the introduction of proof of every subsequent act or suspicious appearance between the parties, and require the prisoner to defend and explain them, when sprung upon him unadvised on a trial?   We submit the bare statement of the proposition in its own answer.

Now the record does not show how strongly the proof already introduced tended to show the commission of an offense, whether slightly or otherwise, and that being true, we insist for that reason alone the presumption is the court ruled rightly in excluding the testimony. *Again*, the proof offered was not material or relevant because it was not *confined to at or near the time* elected to be proved by the prosecution under the indictment; we are not aware it has ever been decided that subsequent acts of familiarity, no matter how recent, may be given in evidence as corroborative evidence.

On the other hand, the rule seems to have been long and well settled, that while former acts of familiarity are competent and proper to be shown, *for the purpose of showing an adulterous disposition*, and so corroborative, that subsequent like acts cannot be.   2 Greenleaf Evidence, Sec. 47.   3 Phil. Ev., page 526.   *Lovell v. The State*, 12 Ind., 18.   *State v. Bates*, 10 Conn., 372.   *Com. v. Morris*, 1 Cush., 391.     *Com. v. Horton*, 2 Gray, 354. *Com. v. Merriam*, 14 Pick., 518.   *Com. v. Thrasher*, 11 Gray, 450.

GANTT, J.

Under sections 483, 515 and 516 of the criminal code, this case is brought here upon error by the plaintiff, to obtain the decision of this court upon questions of law raised by exceptions taken to the decision of the court below.

In the first count in the indictment, the defendant, a married man, is charged with the crime of adultery with a certain married woman, and the offense is stated as having taken place on the 27th day of February, 1875. From the record it appears, that testimony was given on the part of the plaintiff, tending to show that the defendant committed the adultery at the time charged in the indictment; and then for the purpose of corroborating this proof, the plaintiff offered other testimony of improper familiarities between the parties after the time the act is charged in the indictment. The defendant objected to this proof on the ground that it is immaterial and irrelevant. The objections were sustained by the court, and the plaintiff excepted. It is complained that the court erred in excluding the proof. This question is presented for the consideration of the court.

Now, it will not be controverted, that, as a general rule of law, evidence of facts tending to prove another distinct offense is inadmissible for the purpose of raising an inference of the prisoner's guilt of the particular act alleged; but we think the crime of adultery "involves different principles, in this respect, and should be governed by different rules, from those which apply to offenses generally." There is no doubt of the conflict of authorities upon the question, but upon an examination of it, we are of opinion that the better rule in prosecutions for adultery is, to admit testimony of improper familiarities between the parties, occurring both before and after the time the act is charged, as corroborating

evidence. And this principle, it seems to us, is so clearly illustrated in the case of *Thayer v. Thayer*, 101 Mass., 113, that we adopt the language of the opinion in that case as our own, and as the correct interpretation of the .law in such case. In that case it is said: "The evidence by which the act of adultery is proved is seldom direct. The natural secrecy of the act makes it ordinarily impossible to prove it, except by circumstantial evidence. The circumstances must be such, indeed, 'as to lead the guarded discretion of a reasonable and just man to the conclusion of guilt.' But when adulterous disposition is shown to exist between the parties at the time of the alleged act, then mere opportunity, with comparatively slight circumstances showing guilt, will be sufficient to justify the inference that criminal intercourse has actually taken place. The intent and disposition of the parties to each other must give character to their relations, and can only be ascertained, as all moral qualities are, from the acts and declarations of the parties. It is true, that the fact to be proved is the existence of a criminal disposition at the time the act is charged; *but the indications by which it is proved may extend, and ordinarily do extend, over a period of time both anterior and subsequent to it.* The rules which govern human conduct, and which are known to common observation and experience, are to be applied in these cases, as in all other investigations of fact. An adulterous disposition existing in two persons towards each other is commonly of gradual development; it must have some duration and does not suddenly subside. When once shown to exist, a strong inference arises that it has had and will have continuance, the duration and extent of which may be usually measured by the power which it exercises over the conduct of the parties. It is this character of permanence which justifies the inference of its existence, at any particular period of time, from facts illustrating

the *preceding* and *subsequent* relations of the parties. The rule is, that a condition once proved, is presumed to have been produced by causes operating in the usual way, and to have continued until the contrary is shown. The limit, practically, to the evidence under consideration is, that it must be significant in character, and sufficiently near in point of time, to have a tendency 'to lead the guarded discretion of a reasonable and just man,' to a belief in the existence of this important element in the fact to be proved. If too remote or insignificant, it will be rejected, in the discretion of the judge who tries the case. The fact that the conduct relied on has occurred since the filing of the libel does not exclude it; and proof of the continuance of the same questionable relations during the intervening time, will add to its weight." Bish. Stat. Cr. Law, Sec., 682, *et seq.* *The People v. Jenness*, 5 Mich., 321. *State v. Wallace*, 9 N. H., 517. *Lawson et al. v. State*, 20 Ala., 65.

The second count in the indictment charges, that the defendant, a married man, did unlawfully keep a certain woman, other than his wife, and unlawfully and wantonly did cohabit with her in a state of adultery, from the 10th day of August, 1874, until the 15th day of July, 1875. It is very clear that this count in the indictment is founded on section 208 of the criminal code, as amended by section 23 of the act of February 25, 1875, and the offense is charged substantially in the words of the statute as amended. A motion filed by the defendant to quash this count was sustained by the court, and the plaintiff excepted. It is complained that the court erred in sustaining the motion.

In the argument for the defendant, it is insisted, that the motion was properly sustained, for the reasons: *first*, that "no offense is charged in the count;" *second*, "because it alleges the offense to have been committed on a day," long prior to the passage of the law making

the act criminal; and, *third*, because the indictment does not contain direct allegations of time and place of the material facts necessary to constitute the offense.

In respect to the first point made in the argument, it must be observed, that the gist of the offense is, that the defendant did wantonly cohabit with the woman in a state of adultery. To cohabit, according to the sense in which the word is used in the statute, means dwelling together as husband and wife, or in sexual intercourse, and comprises a continued period of time. Hence, the offense is not the single act of adultery; it is cohabiting in a state of adultery; and it may be a week, a month, a year, or longer, but, still, it is one offense only. The defendant is charged with the crime from August 10, 1874, until July 15, 1875. According to the import of the words used in the statute, this is a continued offense, and if it should be proved that he wantonly cohabited with the woman in a state of adultery, during any portion of this time, such proof would be sufficient to establish the crime and fix the guilt of the party. We are of opinion, that the continuing offense in this case was properly charged, and the statement of time properly alleged in the indictment.

The second point made in the argument is not tenable, because no evidence could be received of any acts prior to the passage of the law, as the statutory offense charged did not then exist, and, therefore, as time is not of the essence of the offense charged, the prior time alleged in the indictment may be treated as surplusage, and the indictment, in its legal effect, be held good as charging the offense from the passage of the law until July 15, 1875. *Nichols' and Janes' case*, 7 Gratt., 589. Bish. Stat. Cr. L., Sec. 703. *Commonwealth v. Wood*, 4 Gray, 12. 1 Chitt. Cr. L., 230.

The third point made in the argument seems to be sufficiently answered in what is said above. If the con-

tinuing offense is properly charged in the indictment, then the allegations of time and place, in respect to the material facts, which constitute the offense, are sufficiently stated.

In conclusion, we are of opinion that the court below erred in excluding the evidence offered by plaintiff, and in sustaining the motion to quash the second count in the indictment; and that the decision of this court be rendered accordingly.