MARK STEWART AND HATTIE BROWN v. THE STATE.

1. MISDEMEANOR. *Joint indictment for cohabitation. Severance. Discretion of court.*
   Under § 3069, Code of 1880, which makes it discretionary with the court whether persons jointly indicted for a misdemeanor shall be tried jointly or separately, this court will not reverse a judgment of conviction because of the refusal of the lower court to grant a severance to a white man and colored woman jointly indicted for unlawfully cohabiting together, where it is not shown that there was any abuse of the discretion reposed in that court.

2. UNLAWFUL COHABITATION. *Evidence to show. Sufficiency of case in judgment.*
   S., a white man, was indicted for unlawfully cohabiting with B., a negro woman. The evidence for the State tended to show that S. and B. were seen in bed together within two years before the finding of the indictment, that during a period of five or six years they had lived near each other, that S. was frequently seen at the house of B., especially on Sundays, and that B. had two children whom S. was heard to call his children. The evidence for the defense tended to contradict these facts. The jury found the defendants guilty. *Held*, that as this court cannot condemn such verdict as manifestly wrong it must stand.

3. SAME. *Evidence of acts subsequent to indictment.*
   On the trial of persons indicted for unlawful cohabitation, evidence tending to prove improper familiarity and criminal intimacy subsequent to the finding of the indictment is admissible to illustrate and characterize the relations

and conduct of the parties shown to have existed or to have occurred within the time covered by the indictment, if such acts be not too remote in point of time to afford any reasonable inference of guilt.

4. SAME. *Practice. Argument of district attorney.*

A white man and colored woman convicted of unlawful cohabitation cannot maintain an assignment of error based upon the fact that the district attorney appealed to the jury to discountenance miscegenation and denounced the practice thereof.

APPEAL from the Circuit Court of Yazoo County.

HON. T. J. WHARTON, Judge.

In 1884 Mark Stewart (white) and Hattie Brown (colored) were jointly indicted for unlawful cohabitation and living together in a state of fornication.

On the trial each made an application for a severance, which was denied, and they excepted. The testimony for the State tended to show that within two years prior to the time of finding the indictment they had been seen in bed together, that for five or six years they lived near each other, and that during that time Mark Stewart was frequently seen at the house of Hattie Brown and in her bed; that he was at her house often, and especially on Sundays; that Hattie Brown had two mulatto children whom Mark Stewart had been heard to call his children. The State offered evidence to show acts of criminal intercourse between the defendants fifteen or twenty months after the finding of the indictment. This evidence was first admitted by the court and afterward excluded. The evidence for the defendant tended to contradict most of the material testimony for the State.

The district attorney in his argument appealed to the jury to discountenance miscegenation and denounced the same. This was excepted to by the defendants.

The jury found the defendants guilty, and from the judgment against them they appealed.

*J. C. Prewett,* for the appellants.

1. The motion for a severance should have been granted. While it is ordinarily within the discretion of the court to grant or refuse a severance, this was a case in which a severance should certainly

have been granted.   The defendants should have been tried separately.   And we say this for the reason that trying them together resulted greatly to the prejudice of defendants.   To compel the defendants to sit together before the jury and to make a common defense associated them in the minds of the jury—caused the jury to look upon them as joint offenders—especially as the only charge against them was in effect that they were cohabiting, that is, associating, together.

In the case of the *United States* v. *Marchant*, 12 Wheat. 486, Judge Story, delivering the opinion of the court, said : " In our opinion it (a severance) is a matter of sound discretion, to be exercised by the court with all due regard and tenderness to prisoners, according to the known humanity of our criminal jurisprudence."

2. This case appears to me to be less strong against the defendants than the Granberry case.   61 Miss. 440.

3. " It is said that all the evidence of facts after the finding of the indictment was excluded by his Honor.   How can evidence be excluded from the mind that has once received it?   I protest against any such practice—the admittance of palpably improper testimony, and then attempting to avoid the commission of reversible error by telling the jury that they need not pay any attention to it.

*T. H. Campbell*, for the appellants, argued the case orally.

*T. M. Miller*, Attorney General, and *W. R. Harper*, for the State.

1. The question of severance was wholly within the discretion of the court by our statute.   There is nothing in the argument of counsel for the appellant to show in any degree an abuse of this discretion.   It may be admitted that it was in some degree prejudicial to appellants to be brought face to face on their trial, but if we admit that this single fact was sufficient to require a severance it would establish the rule that in every trial of parties for cohabitation a severance is a matter of right.   In other words, there is nothing peculiar to this particular case, but the same prejudice would exist in all cases of like kind.

2. The record will show that evidence of subsequent conduct of

appellants was only admitted on condition that a continuation of the unlawful relations would be shown from the date of the indictment. Had this been shown the evidence would clearly have been admissible. Bishop on Statutory Crimes, § 681 and § 682, and cases there cited.

3. It seems to us that the only serious question in this case is the sufficiency of the evidence.

An act of sexual intercourse within the time covered by the indictment is clearly shown. The only question then is, was there a cohabitation, a living together, secretly or otherwise?

It has been held in Alabama, 14 Ala. 608, that in a case where a married man visits and remains with a lewd woman one night in every week for seven months at her residence, half a mile from his own, there is a "living together" sufficient to bring the parties within the terms of a statute similar to our own. The court say: "It is not an indispensable element in the offense that he should have abandoned his own house and taken up his abode with the adulteress, or that he should have taken her to his own house, made her supreme in his affections, and excluded his wife from the conjugal bed. The sleeping under the same roof and in the same bed at stated nights must be regarded as a living together within the language and intention of the statute."

In cases like this, where one act of criminality is actually shown by positive testimony, and a frequent presence of the parties together is shown for a period of several years under circumstances, to say the least, affording opportunity for wrong doing, it is not a violent presumption from our knowledge of the weaknesses of the human kind that such parties perhaps carried on their wrong doing continuously. The jury drew its inferences from the testimony, the instructions told them the law plainly, they took the responsibility, and this court will hesitate to reverse their judgment and conclusions on the facts.

ARNOLD, J., delivered the opinion of the court.

Whether persons jointly indicted for a misdemeanor shall be tried jointly or separately, is a matter in the discretion of the court.

Code, § 3069. The record shows no abuse of discretion in refusing to grant the application for severance in this case. We consider the case in the light of the testimony that was permitted to remain before the jury, and doing this, and leaving the evidence of illicit intercourse between the parties after the indictment was found, which appellants complain was improperly admitted and afterward excluded by the court from the consideration of the jury, entirely out of view, the verdict cannot be condemned as being clearly or manifestly wrong. There is still enough criminating evidence left to place the verdict on settled principles beyond the control of this court.

But we are of opinion that the excluded testimony was competent and should not have been ruled out. Evidence tending to prove improper familiarity and criminal intimacy between the parties at a period within the statute of limitations had been produced, and testimony of similar acts and conduct between the parties, both prior and subsequent to the finding of the indictment, was admissible to illustrate or characterize the relations and conduct of the parties shown to have existed or to have occurred within the time covered by the indictment. Bishop says that this is the law on the subject, and so say the Supreme Courts of Alabama, Massachusetts, Nebraska, Tennessee, and Vermont. Bishop on Stat. Cr., §§ 680–684; *Alsabrooks* v. *The State*, 52 Ala. 24; *Thayer* v. *Thayer*, 101 Mass. 111; *The State* v. *Way*, 5 Neb. 283; *Cole* v. *The State*, 62 Tenn. (Baxter) 239; *State* v. *Bridgman*, 49 Vt. 202.

Acts and conduct before and after indictment found might be too remote in point of time to afford any reasonable inference of guilt as to the offense charged, and when so, proof thereof should be rejected, but we do not think they were such in this case.

There is nothing in the argument of the district attorney to the jury of which appellants can justly complain. The impropriety of his alluding to testimony which had been excluded from the jury by the court was corrected both by the action of the court and the district attorney himself. We do not perceive that his appeal to the jury in regard to miscegenation or his denunciation of the same was improper or unjust to appellants.     *Affirmed.*