It was in evidence that the same defendants had been convicted and sentenced for this crime at July Term, 1888, of Buncombe Inferior Court. A witness for the State was permitted to testify to acts and conduct of defendants tending to show illicit intercourse both before and since such former conviction. The defendants objected; objection overruled; exception. The court instructed the jury that they could not consider *Page 617 
the acts and conduct of defendants prior to their former conviction except for the purpose of determining the character of the acts committed by them since; that the guilt or innocence of the defendants depended solely upon their conduct since such conviction.
The defendant Guthrie had been examined as a witness in her own behalf. The defendants then introduced as a witness one Sarah Clark, and asked her if she knew the general character of defendant Guthrie. She replied that she did not. The defendants then asked the witness if she knew the general character of said Guthrie for truth and veracity.
On objection by the State the court excluded the question, and defendants again excepted. (894)
The evidence tending to show acts of illicit intercourse prior to the former conviction was competent as corroborative evidence and the court instructed the jury that it was only admitted as such. S. v. Kemp,87 N.C. 538; S. v. Pippin, 88 N.C. 646; S. v. Guest,100 N.C. 413; 2 Greenleaf Ev., sec. 47.
When the witness answered that she did not know the general character of Guthrie she should have been stood aside. The subsequent question was rightly excluded. A party has no right to cross-examine his own witness. S.v. Perkins, 66 N.C. 126; S. v. Parks, 25 N.C. 296; S. v. Gee, 92 N.C. 756.
No other errors are assigned and none appear upon the face of the record.
No error.
Cited: S. v. Stubbs, 108 N.C. 776; S. v. Coley, 114 N.C. 883; S. v.Raby, 121 N.C. 683; Kinney v. Kinney, 149 N.C. 326.