Wanamaker, J.
The sole question in this case is as to the admissibility of other and similar acts of incestuous conduct occurring subsequent to the act charged in the indictment.
It is an elementary proposition of law, both sound and humane, that a person may not be convicted of the crime charged upon a certain date by showing that upon other dates, previous or subsequent, he committed other crimes and offenses. But this rule has many exceptions in certain particular lines of cases as to prior acts:
1. Where a specific intent to defraud is charged, other fraudulent acts may be offered to show fraudulent intent between the same parties, and in some cases as between different parties by the same defendant.
2. Where scienter or guilty knowledge is a necessary element of the offense, other criminal acts may be shown of the same or similar nature, as in the sale of adulterated foods.
*392 3. Where the various acts show a general scheme or system of criminal conduct.
4. In what are known as “sexual crimes,” such as a continuous adultery or fornication, criminal conversation, incest and the like.
The authorities are overwhelming that acts prior to the act charged in the indictment or information may be offered in evidence to prove the adulterous disposition of the defendant and the sexual relations between the parties, and also for the purpose of rendering it more probable that the act of sexual intercourse charged was actually committed as charged.
One of the latest cases in Ohio supporting this doctrine is that of Boyd v. State, 81 Ohio St., 239. The syllabus of the case reads as follows:
“On the trial of an indictment charging defendant with having carnally known and abused a female person under sixteen years of age with her consent, evidence of similar prior acts of sexual intercourse between the accused and the prosecutrix within a period of two months immediately preceding the date laid in the indictment, is admissible for the purpose of showing the relation and intimacy of the parties, and as corroborative of the testimony of the prosecutrix touching the particular act relied upon for a conviction.”
This syllabus, as all others should, relates, of course, to the particular facts of the particular case.
Judge Crew in his opinion uses this language: “The doctrine must now be considered as fairly *393 well settled by the weight of authority, that in prosecutions for adultery, seduction, rape upon one under the age of consent, and incest, acts of sexual intercourse between the parties prior to the act charged in the indictment may be given in evidence as tending to sustain the principal charge, by showing the relations between the parties.”
The exact question involved in this case, however, has not been decided by this court, unless the unreported case of Rasor v. State, supra, should involve the question raised here.
Being an unreported case, we are compelled to rely largely upon defendant in error’s brief as* to the history of this case. It seems that Rasor was indicted in Defiance county on two counts, the first of which contained a charge of rape on one G. S., with her consent, while said G. S. was under the age of sixteen years. The second count was for the same act, but was alleged to have been with force, and against her will. There was no election required of the state, and the case went to the jury upon both counts. The jury returned a verdict of not guilty on the first count — that is, the consent count — and found the defendant guilty of assault under the second count — that is, the count charging rape with force and against her will. No error, of course, could be complained'of on the first count, for on that count the defendant, Rasor, was acquitted.
Was this evidence as to subsequent acts admissible as against Rasor under the second count of the indictment ? The supreme court of Ohio *394 found that it was not admissible, and we believe this judgment is sustained by the great weight of authority as well as by good reason and sound policy.
These sexual crimes, which are an exception to the general rule as to other similar acts being admissible in evidence, may be characterized as crimes in continuando. The law recognizes as a matter of common knowledge that where a single act of that character arises, there is great probability of other similar acts, either before or after, or both, and therefore the sexual conduct of the parties in question toward each other, especially the lecherous and bestial disposition of the defendant toward the prosecutrix, is a proper fact for the consideration of the jury, not to prove some other and independent offense, but for the purpose of making more probable the specific and distinct offense charged.
The crime of rape by force is generally excluded from this class of sexual crimes, and soundly so, because it would be an extraordinarily rare case where the defendant would for a second time commit rape by force upon the same prosecutrix.
In the Rasor case, supra, the indictment by its second count charged rape by force, and that being a distinct and generally acknowledged exception to the rule in the other sexual-consent crimes above referred to, the supreme court of Ohio was right in holding that such evidence under such a charge was incompetent.
*395 It is as impossible as it is unnecessary to reconcile the diverse decisions in the many states upon the question whether or not subsequent acts may be admitted to prove the specific act charged for the purpose of showing the adulterous disposition of the defendant toward the prosecutrix and of showing the sexual relations between the parties.
Prior or subsequent acts are admissible in cases involving adultery, fornication, criminal conversation, and incest; cases involving seduction, bastardy, and breach of promise of marriage; and cases involving rape. 1 Wigmore on Evidence, Section 398.
“Improper familiarities and adulterous acts between the same parties prior, or subsequent to, the act charged, but not too remote, or, if remote, connected with it so as to form a part of a continuous course of conduct, may be shown for the purpose of bringing out the relation and adulterous disposition of the defendant.” Underhill on Criminal Evidence (2 ed.), Section 381.
“At the time of the present writing, this doctrine — namely, that subsequent familiarities and adulteries between the same parties, equally with the prior ones, are admissible — may be deemed to be established in all our courts, as respects alike the divorce suit and the indictment.” Bishop on Statutory Crimes (3 ed.), Section 682.
“Evidence of acts of illicit intercourse between the parties subsequent to the act specifically under trial is admissible when indicating continuousness *396 of illicit relations.” 16 Am. & Eng. Ency. Law, (2 ed.), 139.
This same doctrine is sustained in People v. Kohler, 142 Cal., 621; State v. King, 117 Iowa, 484; State v. Way, 5 Neb., 283; State v. Fetterly, 33 Wash., 599; Lanphere v. State, 114 Wis., 193; State v. Robertson, 121 N. C., 551; Smith v. Commonwealth, 109 Ky., 685; Sykes v. State, 112 Tenn., 572; Lawson v. State, 20 Ala., 65; State v. Witham, 72 Me., 531; Crane et al. v. People, 65 Ill. App., 492.
The contrary doctrine is approved in 1 Wharton’s Criminal Evidence (10 ed.)> 170 et seq.
“And so it has been repeatedly held that, upon a trial of a charge of having committed any of the crimes known as ‘sexual offenses,’ evidence of prior acts of the same character is admissible, although such prior act is, in and of itself, a crime. There are also decisions to the effect that evidence, not only of prior, but also of those committed subsequent, to the act charged, is admissible, although showing a distinct, independent-crime. These are, however, believed to be in the minority, and, besides, are lacking the strong reason which is given for the admission of evidence of the prior act.”
This doctrine is followed in People v. Clark, 33 Mich., 112, and in State v. Hilberg, 22 Utah, 27, and in Gross v. State, 61 Tex. Crim., 176; State v. DeMasters, 15 S. D., 581; Lovell v. State, 12 Ind., 18, and some other states, unnecessary to mention, have also adhered to this latter doctrine.
*397 It is elemental that any fact is competent that makes more or less probable the fact in the controversy.
Now, if these sexual crimes, excepting rape by force, are not ordinarily single, isolated acts, but are only a part of the sexual relation of the defendant and prosecutrix, then these other acts are relevant for the exclusive purpose of showing the adulterous disposition of the defendant toward the prosecutrix and his sexual relations with her. Why do they not tend to prove the specific act charged, which after all is in the common knowledge of men only a part of the course of sexual conduct of the parties ofttimes during the period of months or years ? Now it is admitted that -as to the prior acts the rule is and should be to admit them, but that as to subsequent acts the rule should be otherwise.
We believe that there is a misapprehension here of the real purpose of admitting this kind of evidence. Its relevancy is to get before the court and jury the sexual relations of the parties covering the date of the indictment. If the sexual relations of the parties at the time of the indictment be a proper question, then certainly their relation for a reasonable time before, as well as a reasonable time thereafter, is equally competent, notwithstanding the fact that the prior acts may have more probative force and effect than the subsequent acts; but this all goes only to the weight of the evidence and not to its competency.
*398 But in the case at bar there are special reasons why the subsequent acts were competent. The prosecutrix testified to kindred acts of the most revolting and licentious nature of the defendant toward this prosecutrix before the date charged in the indictment.
If, now, you have the adulterous and licentious acts of the defendant toward the prosecutrix before the date charged in the indictment, and also the adulterous and licentious acts of the defendant toward the prosecutrix subsequent to the date charged in the indictment, you have then a series of acts or arches bridging the entire period of his sexual relations with prosecutrix, rendering much-more probable the commission of the act charged in the indictment.
The second special reason is this: The evidence overwhelmingly shows the systematic, persistent and habitual conduct of this defendant, not only toward the prosecutrix but toward her sisters, so that we have here a series of like offenses, like conduct upon the part of the father toward three of his own daughters, showing a system of criminal conversation and conduct that is almost incredible in a human being.
If the sexual relation be by consent of the parties, or under some coercion between a father and his own child living in the same house, the strong probabilities would be that, unless there were an immediate exposure of the same, there would be a repetition of similar acts between the same parties. If under all circumstances there were nc *399 such repetition where there was opportunity so to do, and no exposure, the very fact that the state could only show one act, might lead the jury to seriously consider whether or not such act was not fabricated or perjured.
We believe the good morals of the state, the safety and security of its virtue, the protection of the home and the relation of parent and child, brother, sister, and all others within the incest statute, demand at our hands the admission of subsequent acts as well as prior acts for the purpose aforesaid.
But if we were persuaded that there was error upon the part of the trial judge in the admission of this evidence, we would be constrained upon a careful reading of the whole record of this case to reverse the court of appeals and affirm the court of common pleas, for the reason that, excluding the subsequent transactions, the evidence of the prosecutrix, the corroborating evidence of her sisters, as well as the evidence of the defendant, satisfy this court of his guilt to a moral certainty. In that view of the case then, if it were error, which we hold it is not, it would be at best harmless error. Substantial justice was done both to the state and the defendant.
Our attention has been specially challenged to the State v. Lawrence, 74 Ohio St., 38. An examination of the syllabus of the case as well as the opinion discloses the fact that the subsequent acts in question which were offered in evidence *400 occurred (in the language of the syllabus) “more than two years after the time of the alleged commission of the offense for which he is being tried, and after prosecutrix had attained the age of sixteen years.”
These are the two reasons the court gives for its holding, neither of which obtains in the case at bar,
In this case the subsequent acts occurred as follows: The first one some three days after the act charged in the indictment; the second, an attempt made some two weeks later; the third occurred about a year after, and the fourth about fourteen months. But it will be remembered from the record that prosecutrix herself testified as follows:
“Q. All this time your father never bothered you? A. Yes, he told me, but then I would not do it; I got away from him.”
This simple-minded, inexperienced girl, with her very limited knowledge of English, told a story, corroborated by her sisters, which must have very strongly convinced the court and jury of the truth of her testimony. And, if she is to be believed at all, and the jury and the court below most evidently did believe her, there was an illicit, bestial sexual relation existing between her and her father covering a period of several years. And that is only a part of the story, for the record discloses that the same relation was at least attempted by him toward his other daughters, and that this was also continuous though not all the while successful.
*401 We hold that this evidence 'was competent as it was qualified by the trial court, and that the defendant was guilty beyond a reasonable doubt, and that therefore the judgment of the court of appeals should be reversed and the judgment of the court of common pleas affirmed.

Judgment of the court of appeals reversed and that of the common pleas affirmed.

Shauck, Johnson, Donahue, Newman and Wilkin, JJ., concur.