HOUSLEY *et al. v.* STATE.

(In Banc. Nov. 12, 1945.)

[23 So. (2d) 749. No. 35814.]

**J. H. Garth**, of Hazlehurst, and **H. C. Stringer**, of Jackson, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

Argued orally by **H. C. Stringer,** for appellant, and by **R. O. Arrington,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellants were convicted of unlawful cohabitation within the meaning of Sec. 1998, Miss. Code 1942. The

evidence for the state disclosed cohabitation by the parties within the period of limitation, and over their objection evidence was introduced indicating continuous cohabitation by them for several years prior, and up to the beginning of, that period. This evidence "was admissible to illustrate or characterize the relations and conduct of the parties shown to have existed or to have occurred within the time covered by the indictment." Stewart et al. v. State, 64 Miss. 626, 2 So. 73, 74.

While the fact was not there referred to in the Court's opinion, it appears from the reporter's statement of the case that the evidence under consideration was of conduct prior to the beginning of the period of limitation. That such evidence is admissible is in accord with the authorities elsewhere. 2 Wigmore (3rd Ed.), Secs. 398 and 399, note 1.

The appellants brought into the evidence the fact that they had been indicted and acquitted of a similar offense sometime prior to the finding of the indictment under which they were here tried, and the state introduced over their objection evidence of improper familiarity and criminal intimacy between the parties prior to the finding of the former indictment. This evidence is within the principle governing that heretofore discussed, and was admissible for the same purpose. State v. Wheeler, 104 N. C. 893, 10 S. E. 491.

Affirmed.