## W. T. DENTON v. THE STATE.

No. 2911. Decided February 17, 1904.

**1.—Rape—Statement of Third Party Not Evidence.**
The declarations of a third party made before the arrest of defendant in the presence of the accused and the prosecutrix, in which the conduct of the accused is criticised, but which do not serve to elucidate a conversation with or call for a reply from the defendant, are not admissible in evidence against him on a trial for rape.

**2.—Same—Evidence—Conduct Admissible When.**
The act or conduct of a defendant, where they are pertinent to some issue involved in the case, he not being under arrest. are always admissible against him; but not what some other person thought or said in regard to them.

**3.—Evidence—Declaration of Third Party Inadmissible.**
A State's witness who was placed on the stand in rebuttal was asked whether she did not tell defendant, with reference to the conduct of himself toward prosecutrix, which occurred in witness' tent, before defendant's arrest, that if he could not behave himself in her tent, not to come in there where prosecutrix was any more. Held error.

**4.—Same—Opinion of Witness Not Admissible.**
It was error in a prosecution for rape to admit testimony implying an opinion of a county attorney of defendant's guilt with reference to the conduct of the prosecutrix, when first called before such officer for a statement; that she then denied having had carnal intercourse with defendant, but admitted it when called a second time before said officer and placed under oath, and that thereupon he referred the case to the proper authorities; although the court instructed the jury that this testimony could not be considered as evidence of defendant's guilt, but only in rebuttal.

**5.—Charge of the Court—Quoting Testimony.**
Whenever the court gives a charge reciting language of a witness, he should quote accurately the language used by the witness, and not interpolate his construction of such language.

Appeal from the District Court of Hill. Tried below before Hon. W. Poindexter.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

Vol. 46 Crim.—13.

The testimony was conflicting, the prosecutrix, Pearl Thomas, swearing that defendant had carnal intercourse with her twice on the road from Osceola to Blum, relating the circumstances in a general way, and the defendant flatly denying that he ever had such intercourse with her, or was guilty of any other improper conduct. The testimony is quite voluminous, but the facts pertinent to the issues involved are sufficiently stated in the opinion.

*Odell, Phillips & Johnson,* for appellant.

*Howard Martin,* Assistant Attorney-General, *C. F. Greenwood,* and *B. Y. Cummings,* for the State.

HENDERSON, Judge.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

During the trial the State in rebuttal placed Mrs. Harwick on the stand, and propounded to her the following question: " 'Did you speak to this defendant about his conduct with that girl in your tent?' She replied, 'Yes sir, I should think I did.' The State then propounded the following question: 'What did you say to him and how came you to say it?' To which she replied, 'I told him that if he could not behave himself in my tent, not to come in there where she was any more.' " This was objected to by appellant, on the ground that the act should speak for itself. The court explains this bill by stating that "defendant denied the act of carnal intercourse with Pearl Thomas charged against him, and also denied being on terms of intimacy with her. And when his attention was specially called to this circumstance in the tent of Mr. Harwick, in the presence of Mrs. Harwick, defendant denied it; and even denied being in the tent. Mrs. Harwick testified that defendant was in the tent with Pearl Thomas; that Pearl did not care where defendant caught hold of her, and that she saw defendant catch hold of Pearl on the leg; and it was with reference to this conduct that Mrs. Harwick reproved this defendant, 'as stated in the bill. That this was the language of the witness addressed to defendant touching his conduct at the time towards the girl in her 'presence, and was a part and parcel of defendant's act and conduct and was admissible both as evidence of guilt and as contradicting the testimony of defendant." Evidence of what a person may say to a defendant concerning some matter relevant to the offense, when it may serve to elucidate a conversation, may be given in evidence; or if the conditions are such that the declaration of the third party calls for some reply from the defendant, and he remains silent, the declaration or interrogatory, together with his silence, may be given in evidence. But we are not aware of any rule beyond this that would authorize the introduction of some declaration of a third party to a defendant. Especially is this character of testimony of a vicious nature

if it serves to convey to the jury some opinion of the third party with reference to some act or conduct of appellant. The act or conduct of a defendant, where acts or conduct of defendant are pertinent to some issue involved in the case (he not being under arrest), are always admissible against him; but not what some other person thought or said in regard to his acts or conduct. Measuring the question here raised by this bill, we do not believe the testimony was admissible; that is, what Mrs. Harwick said to appellant in regard to his conduct with Pearl Thomas.

The next bill of exceptions is as to the testimony of J. S. Harwick, a witness for the State. This witness testified that he and his wife were in their tent, and defendant was there talking to the girl, Pearl Thomas, and all the time "picking" at her; and his wife said to defendant, "I don't want any such conduct as that in my tent. If there has to be anything of the kind between you and the girl, I don't want you here any more." This was objected to on the ground that it was the conclusion and opinion of the witness, and a conversation that could not bind defendant; and that the act and not the conversation ought to speak for itself. The court explains this bill by saying that it was material to show that defendant was intimate with the girl, and to show acts on his part indicating or tending to show a desire to have improper relations with her. And on cross-examination defendant was asked if this circumstance did not happen in Harwick's tent, and if Mrs. Harwick did not call his attention to it, and objected to and reproved his conduct. All of which was denied, and he denied even the act of intercourse and everything tending to show intimacy; hence this was admitted to contradict defendant, etc. We agree with the learned judge who tried the case, that it was competent to show, as tending to corroborate prosecutrix as to the act of intercourse charged against appellant with her, acts on appellant's part showing intimacy short of some other act of carnal intercourse which would in itself become criminal. But here not even the act or conduct of appellant is disclosed, unless "picking at her" be the act or conduct. This expression is of indefinite meaning. Picking at one may mean mere innocent amusement, and it may not tend to show anything criminal. But in connection with this indefinite expression we have the declaration or rather the denunciation of the witness here displayed to the jury. She told him, "I do not want any such conduct as that in my tent. If there has to be anything of the kind between you and the girl I don't want you here any more." This was equivalent to telling the jury that appellant's conduct was reprehensible in the extreme, if not signifying to them that it was indecent and vulgar. So far as we are advised it was merely the opinion of the witness' wife giving an indecent and vulgar characterization of something appellant was doing to the girl, which is not disclosed by the bill. It was calculated to impress the jury that, in the opinion of the witness, appellant

was doing something to prosecutrix which was unduly familiar and inde-
cent, and was a flagrant violation of the rules of propriety between the
sexes. It is true appellant only received five years as his punishment,
which is the lowest term, and it can not be said that this evidence served
to aggravate the offense. But can it be said that this testimony did not
tend strongly to corroborate prosecutrix as to the act of criminal inter-
course about which she testified and which defendant denied? In our
view it was casting into the scale against him the opinion of a third party
as to his course of conduct, which conduct the bill itself fails to dis-
close; and its effect could not prove otherwise than hurtful and prejudi-
cial to appellant. If it was a contradiction of him, as stated by the
court, it was contradicting him with the opinion of a third party as to
his course of conduct towards the girl, and was not a contradiction of
him by any act of his.

We believe it was competent for the State to attempt to prove by
prosecutrix that she felt friendly towards appellant, and that she did
not wish to have him indicted. However, if it be conceded the State
could not prove this, her answer to the question was without injury to
appellant as she stated she did not care whether the grand jury indicted
him or not.

The State in rebuttal placed Mason Cleveland, county attorney of
Johnson County, on the stand, and proved by him "that prosecutrix was
brought to his office on two different days; that she refused to disclose
the facts of the case on the first day, and on the second day she did dis-
close the facts, and divulged the name of Mr. Denton; and that he made
a report thereof to Mr. Greenwood, county attorney of Hill County, at
Hillsboro. The court explains the introduction of this testimony, as fol-
lows: "That defendant on the cross-examination of the witness Pearl
Thomas proved by her that she told of this act of intercourse with Den-
ton to the county attorney of Johnson County, in Cleburne; that she
first denied it. That on the second day they put her under oath, and
then she admitted it; that she did not give defendant away until she
was caught. In rebuttal the court permitted the State to place the
county attorney of Johnson County on the stand and prove the facts
stated in the bill. In this connection other testimony in the record
showed that after the county attorney of Hill County received a phone
message from Cleburne, attachments were issued for Pearl Thomas and
her mother to appear before the grand jury of Hill County. All of this
was permitted to disprove the theory of the defense, that the prosecution
had been concocted out of a spirit of malice, and that Pearl Thomas
voluntarily appeared before lawyers in Cleburne to institute prosecu-
tion; and that the jury were instructed that the testimony admitted
could not be considered by the jury as any evidence of the guilt of the
defendant." We can readily see that after appellant had proved by the
witness Pearl Thomas, on cross-examination, the circumstances of the

alleged rape, it would not injure appellant to prove the same circumstances by the witness Cleveland. But it does not occur to us that this authorized the State to prove by the witness Cleveland that he reported the matter to the county attorney of Hill County, and that he did so in order to have attachments issued for Pearl Thomas and her mother to appear before the grand jury of Hill County, so as to inaugurate and expedite the prosecution. This was an indirect way of getting before the jury the opinion of the county attorney of Johnson County as to the effect of the disclosures made by the witness Pearl Thomas to him. The fact that the court instructed the jury not to consider said testimony as any evidence of the guilt of defendant does not occur to us to have cured the vice of the admission of the testimony regarding the report of the county attorney of Johnson County to the county attorney of Hill County. If this testimony did not tend in some way to show the guilt of appellant, it is difficult to see how the jury could regard it for any purpose. And they would be liable to regard the fact that because, after Pearl Thomas disclosed to the county attorney of Johnson County the facts regarding the rape, he thereupon immediately instituted the prosecution through the county attorney of Hill County, that he believed the testimony of prosecutrix and it made out a case against appellant; that is, that such was his opinion, and it may have served to strengthen the evidence of the prosecutrix before the jury.

Appellant complains of the fourth paragraph of the court's charge. The objection to the first portion of this charge we do not think is tenable, inasmuch as the witness was introduced by appellant as to the subject matter of the charge and on cross-examination adduced evidence which might be considered criminative. The court recited this testimony and told the jury to disregard it as any evidence of defendant's guilt. However, the evidence of Mason Cleveland comes in a different attitude, as the State introduced this witness. The criticism as to his testimony is that the court states that she *finally* disclosed the name of the defendant; equivalent to saying that she reluctantly did so, and therefore was an unwilling witness against defendant, and consequently the more to be believed by the jury. Whenever a court gives a charge of this character, he should quote accurately the language used by the witness, and not interpolate his construction of such language. Although the jury were instructed to disregard this as any evidence of defendant's guilt of the act charged against him, yet they might be prone to regard it as a circumstance tending to strengthen prosecutrix's testimony, and so indirectly bear on the question of his guilt. And the court having told the jury that prosecutrix finally disclosed the name of defendant may have been calculated to impress the jury with the idea that, in the judge's opinion, the disclosure was reluctantly made. If it was reluctant, this fact should have been ascertained by the jury without the assistance of the judge.

We do not deem it necessary to go into a discussion of the motion for

new trial, based on newly discovered testimony, as this matter is not likely to occur upon another trial. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Motion for rehearing overruled without a written opinion.—Reporter.]