## Antonio Innocente v. The State.

### No. 3710.  Decided April 29, 1908.

**1.—Rape—Indictment—Deliberations of Grand Jury—Grand Jury—House-holder—Freeholder.**

Where upon trial for rape there was no evidence in the record on appeal upon the questions set out in appellant's motion to quash the indictment on the grounds that the grand jury who returned it was not legally organized, and that one of the grand jurors was not a freeholder or a householder; that a person not authorized was in the grand jury room when they were deliberating, etc., the same could not be considered on appeal.

**2.—Same—Exceptions to Grand Jury.**

Where defendant does not bring himself within the statute which authorizes prisoners in jail or in confinement to be brought into court in order that they may challenge either the panel or any particular grand juror, there was no error.

**3.—Same—Argument of Counsel.**

Where upon appeal from a conviction of rape the bill of exceptions to the argument of the State's counsel did not contain the question at issue, or how it would have affected the appellant, the same cannot be considered as a ground for reversal.

**4.—Same—Conduct of Officers—Bill of Exceptions.**

Where upon trial for rape the motion for new trial complained of the sheriff and his deputies in prompting and suggesting questions to the district attorney to ask the witnesses, etc., and there was no bill of exceptions or any verification as to such conduct by the officers, the same could not be considered on appeal.

**5.—Same—Defendant's Right of Representation by Attorney.**

Where the complaint set out in a motion for new trial that the appellant was not properly represented by counsel, is not in any way verified by the record on appeal, the same could not be considered.

Appeal from the District Court of Victoria.  Tried below before the Hon. James C. Wilson.

Appeal from a conviction of rape; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of rape upon his daughter, Julia Innocente, a girl under fifteen years of age, his punishment being assessed at life imprisonment.

The conviction is supported by the testimony of the girl and a Mexican who testified that he saw the defendant and the girl in the act

of sexual intercourse. The girl testified to other acts of intercourse between herself and her father. Appellant and his daughter occupied the same room but separate beds. Appellant testifying in his own behalf denied the story of his daughter and the statements of the Mexican. We deem it unnecessary to go into a detailed statement of the evidence. As shown by the witnesses, it is sufficient to sustain the verdict. There was a direct issue made by the testimony. The jury saw proper to believe the evidence for the State and discard that introduced by the defense.

Motion was made to quash the indictment: First: That a person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant, and while voting upon the same. Second: That said grand jury was not organized legally in that it was composed of only eleven qualified jurors, one being incompetent by reason of the fact that he was not a freeholder in the State, or a householder in the county. Third: That at the time of the meeting of the grand jury and the investigation of the case by that body, appellant had not been charged with any offense, nor did he have notice that the grand jury would investigate anything concerning him and, therefore, had no opportunity to challenge the panel. Fourth: That the indictment was not returned by a regularly qualified grand jury and the court, therefore, had no jurisdiction over the defendant. This is sworn to by appellant. A bill of exceptions was reserved to his motion being overruled. There was no evidence offered in support of this motion so far as the record is concerned, either in the statement of facts or bills of exception. The matters are only stated as grounds of the motion, which being overruled exception was reserved. There is nothing in the record to sustain this motion, unless it be that, during the investigation of the facts before the jury, appellant stated that he was not aware of his being charged with this offense until he was brought to town under arrest. As presented, this motion discloses no error. There is nothing to support any of the grounds of the motion unless it be the third, and that is constituted by what is above stated as to what the defendant testified in regard to his want of knowledge of the accusation against him. If it be conceded that the grand jury had then indicted him, it would still constitute no ground of exception, which does not bring the appellant within the statute which authorizes prisoners in jail or in confinement to be brought into court in order that they may challenge either the panel or any particular grand juror.

There is another bill of exceptions, as folows: The attorney representing the State made the following remark: "Gentlemen, you noticed when I asked the witness —— this question, how quickly the attorneys for the defendant were on their feet raising objections thereto." "When he was interrupted by counsel for defendant and asked if the objection to the question raised by counsel for defendant was not sustained by the court, to which the counsel for the State replied, 'Yes, it was,' but argued to the jury that the answer would have been det-

rimental to defendant. Defendant then and there excepted to such argument, and he now tenders his bill of exceptions, and asks that the same be allowed as part of the record in this cause, which is accordingly done, with the explanation that when the objection was made by defendant's counsel to remarks of the district attorney the court instructed the district attorney to confine himself to the record of the case." What the question asked by the district attorney was, to which objection was sustained, is not stated, nor is there anything in the bill to show how it would have been detrimental or injurious. It seems from the bill that a question was asked by the district attorney, objected to by appellant's counsel, and sustained by the court, and the district attorney upon this argued that the answer would have been detrimental to appellant. We have no way of ascertaining whether it would or not, or what the answer would have been. The matter seems to have rested at this point, with the injunction by the court to the district attorney to confine himself to the record. As presented, there is not sufficient error shown to require a reversal.

The second ground of the motion for a new trial states that the sheriff and his deputies were most or all the time sitting by the prosecuting attorney, assisting, prompting and suggesting questions to him to ask witnesses, which had a tendency and was calculated to, and doubtless did prejudice the jury against appellant. This is simply stated as a ground of the motion without anything to sustain the allegation. A bill of exceptions was not reserved, nor are there any facts verified or unverified to show that the officers did as alleged.

The fifth ground of the motion for a new trial is that one of the counsel for defendant does not practice criminal law, and the other has not practiced law at all for seventeen years, coupled with the further fact that defendant was in jail, and said attorneys were unable to see witnesses and learn what the evidence was, for either the prosecution or defense, and that, therefore, defendant was deprived of being properly defended as contemplated by law. The same answer may be made to this ground of the motion; that is, there is nothing to sustain this allegation further than the statement contained in the motion itself, and this comes only after the conviction. The case, however, seems to have been very well defended, and there is nothing suggested in the motion for a new trial, or even in the record, that we have discovered, which shows a want of ability or in any way impairing the competency of the attorneys for appellant during the trial of the case.

As the record presents the case to us, we think it is clear of reversible errors on the matters presented, and the judgment is, therefore, affirmed.

*Affirmed.*

Brooks, Judge, absent.