FRITZ ECKERMANN V. THE STATE.

No. 175. Decided November 17, 1909.

**1.—Rape—Constitutional Law—Venue.**

The act authorizing indictments in other counties than the one in which the alleged rape is committed is constitutional. Following Dies v. State, 56 Texas Crim. Rep., 32.

**2.—Same—Bill of Exceptions—Record in Civil Case—Evidence.**

Upon trial for rape there was no error in excluding the record in a civil case instituted upon the alleged intercourse between defendant and the prosecutrix; besides, the bill of exceptions did not show the object or purpose of such testimony.

**3.—Charge of Court—Other Acts of Intercourse—Limitation.**

Where, upon trial for rape, there were in evidence several acts of carnal intercourse between defendant and prosecutrix, all of which were barred except one, upon which latter the State relied for a conviction, there was no error in refusing a requested charge asking for an acquittal on the acts of intercourse that were barred by limitation.

**4.—Same—Charge of Court—Charge as a Whole.**

Where, upon trial for rape, the charge of the court, taken as a whole, was not open to the criticism that it was on the weight of the evidence, there was no error.

**5.—Same—Practice upon Appeal.**

Where, upon appeal from a conviction of rape, there appeared in the record no bill of exceptions to the evidence objected to on trial, and no objections were raised in the motion for new trial as to the charge of court, the matters could not be reviewed.

Appeal from the District Court of Austin.    Tried below before the Hon. L. W. Moore.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Bell, Johnson, Matthaei & Thompson* and *W. W. Searcy,* for appellant.—On the question of the court's charge on the different acts of carnal intercourse: Henderson v. State, 49 Texas Crim. Rep., 511, 93 S. W. Rep., 550; Smith v. State, 44 Texas Crim. Rep., 137, 73 S. W. Rep., 402. On the question of limitation: White v. State, 4 Texas Crim. App., 488; Anschicks v. State, 6 Texas Crim. App., 524. On question of introducing the record in the civil case: Ft. Worth Ry. Co. v. Wright, 64 S. W. Rep., 1001: First Nat. Bank v. Watson, 66 S. W. Rep., 232; So. Pac. Ry. Co. v. Wellington, 57 S. W. Rep., 856; G. H. & S. A. Ry. Co. v. Eckles, 54 S. W. Rep., 651; Jordan v. Young, 56 S. W. Rep., 762. On question of refusing defendant's requested charge that if the first act of intercourse occurred more than one year before the date of filing the indictment to acquit the defendant: Ex parte Black, 55 Texas Crim. Rep., 121, 113 S. W. Rep., 534.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—For an alleged rape committed in Austin County appellant was indicted by the grand jury of Caldwell County. By agreement the case was transferred from Caldwell County to Austin County for trial. This trial resulted in a conviction, the punishment being assessed at ten years in the penitentiary.

Appellant urges the unconstitutionality of the act authorizing indictments in other counties than the one of the alleged crime as ground of his motion to quash the indictment. We deem it unnecessary to enter into a discussion of this question. The questions involved have been decided against appellant in Mischer v. State, 41 Texas Crim. Rep., 212, and that case has been followed in Griffey v. State, 56 S. W. Rep., 52, and Dies v. State, 56 Texas Crim. Rep.,

32, 117 S. W. Rep., 979. We therefore hold the motion to quash was not well taken.

The prosecutrix, through her father as next friend, instituted a suit in the District Court of Austin County for damages growing out of his, appellant's, alleged intercourse and treatment of her in connection with said acts of intercourse. During the trial of this case appellant offered in evidence the original petition in the civil case. This was excluded by the court and a bill of exceptions reserved. The object or purpose of seeking to introduce this pleading is not stated in the bill. Under the unbroken line of decisions of this court it is necessary for the bill to show the object or purpose of seeking to introduce evidence which is excluded by the court. The bill, therefore, is fatally defective and the question cannot be reviewed. The testimony was not admissible in any event.

Appellant requested the court to instruct the jury if they believed beyond a reasonable doubt that defendant had carnal intercourse with prosecutrix, and they should further believe that defendant committed more than one act of intercourse with said Addie Altman and the first act occurred more than one year before the date of filing the indictment, they should acquit. The court was correct in refusing this instruction. There were several acts shown, all of which were barred by limitation, except the one alleged in the indictment as occurring October 27, 1906, the indictment having been preferred on October 23, 1907. It would not be correct to hold, as contended by appellant, that an acquittal should be awarded on these acts that were barred by limitation, when the State relied upon the act that was not barred.

The motion for new trial alleges error in regard to that portion of the charge which was given in which the court instructed the jury if they should find beyond a reasonable doubt that on or about October 27, 1906, or at any time within one year before October 23, 1907, in the county of Austin and State of Texas, defendant did have carnal knowledge of prosecutrix, she not being his wife, etc. The contention is that this was misleading and on the weight of the evidence the charge assuming that Addie Altman was a female and under the age of fifteen years. The charge is not subject to this criticism as is evident from the reading of the charge itself and especially is this so when the whole section of the charge is taken together.

There are several questions suggested in the brief of appellant with relation to the charge and the introduction of evidence, to none of which was any exception reserved, either in motion for new trial or during the trial. These matters therefore cannot be considered.

As the record presents the case, the judgment will be affirmed and it is so ordered.

*Affirmed.*