## John Henry Battles v. The State.

No. 666. Decided November 30, 1910.

Rehearing denied June 21, 1911.

**1.—Rape—Evidence—Marriage—Intent.**

Upon trial of rape upon a female under the age of consent, there was no error to admit testimony that the defendant was a married man at the time of the act of sexual intercourse, to show that defendant's attentions and conduct towards the prosecutrix were inconsistent with an innocent purpose.

**2.—Same—Evidence—Acts of Intimacy.**

Upon trial of rape on a female under the age of consent, there was no error to admit in evidence defendant's attention, visits, journeys with the prosecutrix and purchases for her, both before and after the act of sexual intercourse.

**3.—Same—Charge of Court—Argument of Counsel—Evidence.**

Where, upon trial of rape, the court correctly submitted the law and there was no error in the argument of State's counsel and admission of evidence, the conviction was sustained; the evidence being sufficient.

**4.—Same—Evidence—Bills of Exception.**

Where, upon trial of rape, there were no bills of exception to certain testimony as to acts of intimacy between the parties, the same could not be considered on appeal; besides, the testimony was admissible.

**5.—Same—Evidence—Acquaintance—Familiarity.**

Upon trial of rape on a female under age of consent, acts of acquaintance and familiarity between the parties are admissible as tending to show likelihood and opportunity on the part of the defendant to commit the offense, even though conclusions may be drawn therefrom that other acts of intercourse took place. Overruling Ball v. State, 44 Texas Crim. Rep., 489, 72 S. W. Rep., 384; Smith v. State, 44 Texas Crim. Rep., 137, 73 S. W. Rep., 401; Barnett v. State, 44 Texas Crim. Rep., 592, 73 S. W. Rep., 399; Hackney v. State, 74 S. W. Rep., 554; He-

nard v. State, 46 Texas Crim. Rep., 90, 79 S. W. Rep., 810; Smith v. State, 74 S. W. Rep., 556. Davidson, Presiding Judge, dissenting.

**6.—Same—Evidence—Other Acts of Intercourse—Rule Stated—Loco Parentis.**

In prosecutions of rape on a female under the age of consent, all acts and conduct that can be considered and that were intended as an inducement to render the accomplishment of defendant's purpose possible are admissible in evidence; and where the defendant stands in loco parentis, etc., to such female and obtains sexual intercourse by reason thereof all acts of sexual intercourse are admissible in evidence which occurred prior to the one for which defendant is being tried; the court properly limiting such evidence to the purpose for which it is admitted. See opinion for discussion of admitting other acts of sexual intercourse. Davidson, Presiding Judge, dissenting.

**7.—Same—Evidence—Circumstances.**

Upon trial of rape, where prosecutrix had testified that the act of intercourse took place in a creek bottom at night, there was no error in admitting testimony of a State's witness that he had seen defendant and a woman in a buggy at the time and place fixed by the prosecutrix.

**8.—Same—Evidence—Handwriting.**

Where, upon trial of rape, the court admitted in evidence expert testimony as to the identity of the handwriting of a certain letter, and properly submitted a charge thereon to the jury, there was no reversible error.

**9.—Same—Evidence—Letters—Comparison.**

Where, upon trial of rape, the defendant introduced a letter in evidence which he claimed was written by the prosecutrix, but signed in a different name, there was no error to permit prosecutrix to write the name which was fixed to said letter for comparison.

**10.—Same—Accomplice.**

Upon trial of rape on a female under the age of consent, the prosecutrix can not be an accomplice.

**11.—Same—Charge of Court—Argument of Counsel.**

Where the argument of State's counsel was in response to remarks by appellant's counsel, and the court had submitted a requested instruction thereon, there was no error in refusing another requested charge thereon.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of rape on a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Handcock, Farrar & Pierson* and *A. S. Baskett,* attorneys for appellant.—On question of admitting testimony as to intimacy: Smith v. State, 74 S. W. Rep., 556, and other cases overruled in opinion.

On the question of admitting expert testimony on handwriting: Bratt v. State, 38 Texas Crim. Rep., 121.

On question of insufficiency of evidence: Gazley v. State, 17 Texas Crim. App., 267; Lawson v. State, 17 Texas Crim. App., 292.

*C. E. Lane,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This is the second appeal of this case. The opinion of the court on the first appeal will be found in 53 Texas

Crim. Rep., 202. The trial from which this appeal results was had in the District Court of Ellis County on February first of this year, and resulted in a verdict of guilty, in which appellant's punishment was assessed at confinement in the penitentiary for a period of five years.

We deem it unnecessary to make any detailed statement of the facts. It appears in evidence that prosecutrix, Ida Dutton, was born on the 29th day of August, 1892. Her testimony is to the effect that the act of intercourse, which is the basis of the prosecution, took place between herself and appellant about the first of November, 1905. Appellant was at the time a man some 43 or 44 years of age. He had married early in life a sister of the father of the prosecuting witness. This wife, it seems, had died, however, some years before this, and he had married again, and was a married man living with his wife at the time of the alleged rape. The evidence further shows that appellant was a farmer living some five or six miles from Waxahachie, and not very far from prosecutrix. Her father, it seems, was an improvident and somewhat thriftless man, a tenant on a farm near where appellant lived. Originally he had lived in Alabama, and had come to Texas in 1896 at the suggestion and by the aid of appellant, and had stayed with him some month or six weeks when he first came to Texas. The evidence justifies the conclusion that in the spring of 1905 appellant became very much infatuated with Ida Dutton. It is in evidence that he carried her to Waxahachie frequently, and bought all sorts of articles for her, consisting of clothing, stockings, shoes, slippers and other articles of clothing, and was persistent and assiduous in his attentions to her. The evidence shows that once or twice he had carried her to Ennis, and soon after the act of intercourse testified to had gone with her father and herself to the Dallas fair. A number of letters were read in evidence which, while somewhat guardedly written, are only consistent with the idea of a foolish affection for this young girl, as well as apparent jealousy of some boys or young men in the neighborhood who, during the year 1906, had begun to pay her some attention. Ida Dutton testified that about the first of November, 1905, one night while returning from Waxahachie, in Mustang bottom, while in the buggy, appellant had intercourse with her over her protest and despite her remonstrance, and that she had never had intercourse with anyone else before this. This is denied by appellant. Ida Dutton made no outcry or gave any information concerning the outrage, but continued her relations and social intercourse with appellant, and he continued his attentions to her in very much the same way as he had theretofore done. Early in 1906, the father of prosecutrix, with his family, moved to near Midlothian, some considerable distance from where appellant lived. The evidence shows that appellant helped the parties to move, and went with one load of their goods in a wagon alone with prosecutrix to the place to which Mr. Dutton was moving, and that the parties stayed one night at the house of a

Mr. Lane. After this removal to Midlothian the evidence shows that appellant went with prosecutrix to Waxahachie a number of times, and his relations continued up to about June, 1906. The testimony shows that in September, 1906, the mother of prosecutrix claimed to have had a dream, in which dream it was revealed to her that prosecutrix had been delivered of a child, and that it favored appellant, and she told prosecutrix of this dream and insisted that there had been something wrong in their relations. This prosecutrix repeatedly denied, and her mother finally said to her she knew that she had had intercourse with appellant, and that if she was ashamed to tell it, that she, the mother, would put something over her head, and that prosecutrix then got behind the door and admitted the act of intercourse which is the basis of this prosecution. In explanation of her not telling the mother Ida Dutton says that she did not want to tell them; she was young, and did not know anything like this would ever come up; that she just thought it would be a reflection and disgrace to her and that would be all; that she did not know such matters were carried into court. It also appeared in evidence that, probably during 1906, appellant went with another upon the note of Mr. Dutton for a considerable sum, and there was some claim that Dutton had sold a horse covered by mortgage to secure this indebtedness, and that in view of the unpleasantness growing out of this transaction, that appellant took from Mr. Dutton a pair of mules which he had theretofore loaned him, and the conclusion is sought to be established that this prosecution resulted from the ill-will growing out of these transactions, and it is also intimated that it was designed to extort money from appellant. There was no substantial issue made on the question of prosecutrix' age. There are a number of questions raised on this appeal, some of which did not appear on the former appeal, the most important of which we will notice.

1. Among other things, the State proved by Ida Dutton, as well as by appellant, over his protest, that he was at the time of the act of intercourse which is made the basis of this prosecution, a married man. This was at the time objected to, and is now assigned as error. The objection appears in the statement of facts, and is to the effect that the question was immaterial and prejudicial to the defendant. It will be noted this objection is very general, but if sufficient to raise the question, we think, under the facts of this case, the action of the court in permitting this testimony was not erroneous. The record does not indicate on what ground this testimony was admitted, but it was evidently admissible on this theory: The statement of facts shows, and the proof is conclusive, both growing out of the nature of their relations and the correspondence, that appellant was as devoted and attentive to this young girl as the most ardent lover could or would have been. If he had been a single man these attentions would have been consistent with an innocent purpose, and be justified on the ground that they were such as any honorable man might have shown a good

woman whom he loved and whom he expected to marry. In view, however, of the fact that appellant was a married man, and, therefore, the legal bar which stood between any honorable relations with the prosecutrix, it was a circumstance tending to show the nature and character of his relations, and that by the attentions, gifts, conversations, and his general conduct, that it was his purpose to seduce and corrupt this young girl. There are cases where it has been held error to admit proof that a defendant is a married man. Such is the case of Smith v. State, 44 Texas Crim. Rep., 137, 68 S. W. Rep., 995, and also the same case in 74 S. W. Rep., 557. It should be remembered, however, that in the Smith case it appeared that the intercourse was not only abundantly proven, as the court says, by positive evidence, but was admitted. In that case it also appears that the verdict was for seventy-five years, which raised a reasonable inference of prejudice. In this case the proof of intercourse rested upon the testimony of prosecutrix, and was distinctly and vehemently denied by appellant. We think in the Smith case the opinion of the court may well be justified and supported, but in a case like this it seems to us that on reason it became not only admissible, but highly important, to prove the fact that appellant was at the date and time of the intercourse a married man, as lending support to the State's contention, and as evidence of a line of conduct out of harmony with any innocent purpose.

2. On the trial proof was offered by the State of attentions, visits, journeys with prosecutrix, and purchases for her both before and after the act of intercourse. This was objected to on the ground that matters occurring between the parties prior to the alleged rape, but having no connection with it, are immaterial and irrelevant, and inadmissible in evidence, and that they are not admissible even as matters of inducement. The contention is also made that matters and things occurring after the alleged offense was committed, not connected with the offense, and of an inflammatory nature, or showing mistreatment, are wholly immaterial and inadmissible in evidence. If it be granted that the testimony is not connected with the offense, and had no relation thereto, the objection should be sustained, but we think that these matters were so directly and intimately connected with the act of intercourse as to be clearly admissible. It should be stated that no act of intercourse except the one alleged in the indictment was permitted to be proved in such manner as could possibly furnish the basis of conviction for rape. Acts of attention and fondness both before and after the act of intercourse were admitted. These prior acts were admissible as affecting the probability of the act of intercourse, either with or without the consent of prosecutrix, and as tending to show the motive and purpose of appellant, and such seductive acts and purposes as to make and render the prosecutrix an easy, if not willing, subject of his lust. The subsequent acts of fondness and attention were aqually admissible to show the ascendency which appel-

lant acquired over the mind of prosecutrix, his influence with her, and as explanatory of her silence. This was in substance held on the former appeal, where it is said: "This character of testimony, showing merely intimacy and long-continued association, is admissible. As heretofore held by this court, any testimony or other acts of illicit intercourse would not be admissible than the one proved in the case then on trial, but it is clearly permissible for the State to show undue familiarity, and the circumstances under which appellant and prosecutrix were thrown and associated together." This language is used in connection with proof of the fact that appellant was a married man, and her uncle. The reasoning of the Smith case on the first appeal, 68 S. W. Rep., 995, clearly supports this proposition. In that case it is said:

"In support of the State's contention that said testimony was admissible, we are referred to the cases of Hamilton v. State, 36 Texas Crim. Rep., 372, 37 S. W., 431, and Manning v. State, 43 Texas Crim. Rep., 302, 65 S. W. Rep., 920. In Hamilton's case, the acts introduced in evidence were prior in point of time to the act for which appellant was being prosecuted. So the question there was not raised. In Manning's case, the acts introduced in evidence were shortly after the alleged act for which appellant was being tried. The objection there urged, however, was not that the acts were subsequent, but that they related to other and distinct offenses. The court in said case held the testimony was admissible as being transactions between the same parties, and tending to show an intimacy and familiarity between them which, with other circumstances, would tend to show the guilt of appellant, as to the transaction charged against him in the indictment. This, as we understand it, is in accord with the authorities. Williams v. State, 8 Humph., 583; State v. Knapp, 45 N. H., 148; State v. Walters, 45 Iowa, 389. But all these cases relate to prior acts, and not to acts or conduct occurring subsequent to the charge in the indictment. Whart. Cr. Ev., section 35, lays down the proposition in general terms that, 'in prosecutions for adultery or for illicit intercourse of any class, evidence is admissible of sexual acts betwen the same parties prior to, or, when indicating continuousness of illicit relations, even subsequent to the act specifically under trial. Prior sexual attempts on the same woman are admissible under the same limitations on a trial of rape.' We have examined the authorities, and, so far as we are aware, there is no case where the party was being tried for rape in which subsequent acts to that charged in the indictment were admitted in evidence. But it is urged by the State that rape of a girl under fifteen years of age, with her consent, is, as to the act of carnal intercourse, analogous to cases of adultery and incest, and that the rule with reference to the admission of testimony in such cases is applicable here; that is, that any testimony which would tend to show familiarity between the parties involving like offenses not too remote, though subsequent, would be admissible in evi-

dence as a circumstance tending to show the likelihood that appellant committed the offense charged against him. We confess that the reasons for the admissibility of such testimony in the one case seem equally cogent in the other. Burnett v. State, 32 Texas Crim. Rep., 86, 22 S. W., 47; and particularly, see Bish. St. Crimes, section 682. However, as stated before, no authority can be found extending this doctrine to cases of rape; and we apprehend it will be found that, even in incest and adultery cases, being continuous offenses, such testimony is admissible only as tending to solve some controverted issue."

And the testimony seems to have been rejected, and perhaps so properly in that case, on the ground that the act of carnal intercourse was abundantly proved by positive testimony on the part of the State, and not only not denied by appellant, but admitted by him. So that it is said: "The fact of subsequent carnal intercourse between the same parties would serve to shed no light upon the truth of the allegation in the indictment, but it would serve the purpose, in the minds of the jury, of aggravating the punishment of appellant for the offense proven against him." It seems also in that case to have been held prejudicial in that it probably operated in the minds of the jury to enhance the punishment inflicted by their verdict.

3. A number of other questions are raised with reference to the admissibility of testimony, challenges to the correctness of the court's charge and complaining of the argument of the county attorney. These matters we have carefully investigated, and have found no error in respect to any of them.

4. The only other question remaining to be noticed is the sufficiency of the evidence. It has been held from the beginning that a conviction for rape may be had on the uncorroborated testimony of the victim of such an outrage. In determining, therefore, whether in a given case the verdict of the jury is supported by the evidence, we must, from the entire record, determine each case according to its particular facts. In this case appellant has twice been convicted by the jury. This verdict has received the approval of the trial court, who is charged with the duty, under his oath, of setting aside the verdict if, in his judgment, any injustice has been done appellant. If the testimony of Ida Dutton is to be believed, aided and supported by the conduct of appellant, and in the light of the correspondence in the record, the jury were well justified in finding him guilty. Her credibility was a matter for the jury. We ought not to, and can not, interfere.

Finding no error in the record, the judgment of conviction is in all things affirmed.

Lane, Special Judge, concurring.

McCord, Judge, disqualified.

Davidson, Presiding Judge, dissents.

*Affirmed.*

ON REHEARING.

June 21, 1911.

HARPER, JUDGE.—At a former day of this term this case was affirmed, from which opinion Judge Davidson entered his dissent. As some of the questions involved in a decision of this case are questions upon which this court has three lines of decisions, we have taken time enough to carefully investigate and mature an opinion in this character of case. For the last few years the opinions of this court in incest and rape (under age) cases have been so uncertain that no one could tell what the opinion of the court would be upon the admissibility of a certain character of testimony until the opinion was handed down. Where this court has from its inception an unbroken line of decisions, even though it does not in some instances appeal to our judgment, we have followed in the foot-tracks of our predecessors, and will continue to do so except in those rare instances when we feel and know that the principle announced is working great injury to the best interests of the State and its citizenship and is against the great weight of authority. But where there is a conflict in the opinions of this court we have felt, and now feel, that we should investigate not only the decisions of our own State, but also of other States of the Union, and of England, our mother country, and of the common law, which we have adopted; also look to standard text-books of our own time, such as Wharton, Bishop, and other well-known writers on American law.

As stated in the original opinion, appellant is prosecuted for the offense of rape, alleged to have been committed upon his niece when she was under the age of consent, and the first ground of complaint is that the court erred in admitting certain conduct and acts which tended to show intimacy between the parties. The evidence shows that appellant carried her to Waxahachie many times, buying her dresses, shoes and other articles of apparel; that he carried her to the fair at Dallas, remaining over night; that he carried her to the Ennis Fair, and carried her with him to almost all places to which he would go. When her father moved he helped to haul their household goods, and in his wagon carried the prosecutrix alone of all the children, spending the night on the road with her. The record contains many letters from him to her, referring to her in most endearing terms. After this testimony had been introduced, as showing the relation existing between the parties, the acts of intimacy, and showing them away from home at night together, appellant contends that, while the court admitted only proof of one act of carnal intercourse to be testified to by the prosecuting witness, that admitting this other testimony was as harmful as if other acts of intercourse had been admitted in evidence, for by admitting evidence of conduct on other occasions, that the human mind could and would only draw inferences of other acts of intercourse if the testimony in regard to one act was believed; and

further, that while all the evidence was of conduct prior to the finding of an indictment, yet, when the prosecuting witness fixed the date of intercourse testified to, as some of the intimate associations was subsequent to this date, the court should have excluded this testimony from the jury.

As to the second ground above stated, all these acts of intimacy were testified to by the witness before the date of any act of intercourse was testified to or date fixed. After the witness had fixed the date of the act of intercourse, no motion was made to exclude this testimony, and no bill of exceptions reserved to the refusal of the court in not excluding it. The record being in this condition, it is not presented in a way that we could review it, but as this presents a question upon which our decisions are seemingly in conflict, we will, for the guidance of trial courts, give expression to our views. In the former appeal of this case (Battles v. State, 53 Texas Crim. Rep., 202) this court held this testimony admissible, saying: "This character of testimony, showing merely intimacy and long continued association, is admissible," but held proof of more than act of intercourse inadmissible.

Again, in Rowan v. State, 57 Texas Crim. Rep., 625, this court held: "Appellant also excepted to the action of the court in permitting the State to prove by the prosecutrix, Benoni May Scurlock, while on the witness stand, that appellant had made her a present of some candies and a ring. The bill of exceptions fails to disclose whether these presents were made before or after the act of intercourse. However, the question that was asked was whether the defendant, while boarding at her father's house, and prior to the time of the intercourse, had made her any presents, or not. The witness answered that he had, but did not say whether before or after the act of intercourse. However, we are inclined to hold that this testimony was admissible. We think it is always admissible in a case of rape of a female under the age of consent to show any intimate relationship that might exist between the appellant and the prosecutrix, especially in a case of this sort where the testimony shows that the intercourse was had with the full consent of the prosecutrix, as a circumstance to show the willingness on the part of the prosecutrix to enter into the act of intercourse. While it is true, want of consent is wholly immaterial in a case of this sort, however, it might be that a story would sound unreasonable that a girl would willingly enter into this act of intercourse with a party, in the absence of any circumstance showing familiarity or allurements preceding the act. We think this testimony was admissible as a circumstance to throw light upon the act of intercourse." Again, in Barra v. The State, 50 Texas Crim. Rep., 359, 97 S. W. Rep., 94, in a prosecution for rape under age, this court held: "It is urged, however, that this character of testimony was not admissible, and that it was immaterial and irrelevant, and would serve to inflame the minds of the jurors and produce a conviction

where the testimony was weak, or enhance the punishment in case of conviction. We believe that this character of testimony is relevant as showing opportunity. Proof of the environments of the parties is as a general rule admissible, where these environments would serve to shed any light on the question. We think the proof was full on the part of the State, and the punishment inflicted was the lowest authorized for this offense, so that it can not be said this testimony enhanced appellant's punishment. We are not prepared to say that this character of testimony can not be used by the jury for this purpose. Where a party stands in *loco parentis,* and takes advantage of this to seduce and have carnal intercourse with a person under his charge, this would be a circumstance that the jury might consider."

And in the cases holding that other acts of carnal intercourse are inadmissible in prosecutions for rape, when the prosecuting witness is under the age of fifteen, this court says, in Henard v. State, 46 Texas Crim. Rep., 90, 82 S. W. Rep., 655: "The State, however, contends that the testimony adduced does not show another act of intercourse constituting a distinct offense, but merely tends to show the familiarity existing between the parties, and that such evidence is admissible as tending to support the prosecutrix as to the occasion testified about by her. The only Texas case to which we are referred authorizing the introduction of such evidence is Denton v. State, 46 Texas Crim. Rep., 193, 79 S. W. Rep., 560, 9 Texas Ct. Rep., 947. There is an expression in that decision suggesting the admissibility of this character of testimony, but the point was not necessary to that decision. As stated above, the rule in this State now is as laid down in Smith's Case, *supra;* that is, as a general proposition, evidence of other acts of intercourse between a defendant and a girl under fifteen years of age, on whom he is alleged to have committed a rape, is not admissible. This rule appears to be based on the danger of admitting evidence of extraneous crimes of like character, because the same would be calculated to unduly influence the jury. While this may be true, it is difficult to differentiate between this character of testimony; that is, acts showing familiarity between the parties and other rapes. According to Mr. Bishop, they only differ in degree. Bishop, Stat. Crimes, sections 680, 682. However, the former cases on this subject admitting other acts of criminal intercourse between the parties have been overruled, and we have adopted a different rule as to such other acts constituting separate rapes. Smith v. State, *supra.* The recognition of the doctrine that acts showing acquaintanceship and familiarity between the parties are admissible as tending to show likelihood and opportunity to commit the offense is not in conflict with the cases holding proof of other rapes not admissible.

"Appellant earnestly insists that the testimony, properly construed, shows another rape if it shows anything. The State eliminated this evidence by showing that no intercourse occurred between the parties falling short of another offense. As to the intensity of the proof we

have nothing to do, holding as we do evidence of conduct between the parties indicating familiarity may be adduced in a rape case when this does not go to the extent of showing another offense."

And in Sharp v. State, 15 Texas Crim. Rep., 171, prior to the time fixing the age at fifteen, in speaking of a prosecution for rape by force and threats, Judge Hurt says: "The next question presented for a determination is this: 'Were former threats against the girls violent and brutal assaults and batteries, which tended to subjugate the will of the girls to that of the appellant, admissible? Upon the clearest principles of right and justice, as well as by that provision of the Code which expressly authorizes the jury to look to and consider health and strength, *and all other circumstances of the case.* Law should be founded upon reason and common sense. Would any rational man believe that it would require the same character of force or threats to overcome resistance or produce just cause for fear of death or great bodily harm, in a case in which the defendant had, by a course of brutal terrorism, completely subjugated the will of his victim, that it would in a case where the parties were on something like an equal footing—a case in which such control had not been acquired? In the cases at bar the girls were very young—one being only thirteen years old—and for days and months they had been the subjects not only of threats, but of the most brutal treatment, especially the younger girl, Amanda. Can it be questioned that by such treatment the will of this girl, yea, of either, may not have been effectually crushed, and her acts made to conform to the defendant's commands, unaccompanied by either force or threats? We are of the opinion that the former conduct of the defendant toward these girls was properly admitted in evidence."

It appears from these decisions that it has been, and is, the rule of this court that acts and conduct leading up to the act of intercourse are admissible, even though the human mind could draw no other conclusion from such facts than that other acts of intercourse took place. The conflict seems to have arisen over whether or not proof of other acts of intercourse will be admissible in evidence. This, we take it, must be and should be governed by the facts of each case. If the facts show long continued association, acts and conduct evidently intended to accomplish sexual intercourse, and after obtaining the love and affection and control of the will of a child under fifteen years of age, frequent acts of intercourse take place, and each act of intercourse is but a step in the continued transaction, each and every act of intercourse is admissible. The State, at the conclusion of the testimony, should be required to elect upon which specific act it would rely for a conviction, and the court in his charge properly limit the application of the testimony as to other acts of intercourse, acts of intimacy, etc. This is the rule as we understand it in other criminal offenses, and we see no reason why it should be different in the case of rape of a child. In the offenses of burglary and theft, if the person

charged with an offense by certain means and methods commits a number of acts of theft from the same person within a reasonable time of each other, and enters a house by certain modes and means, a person acting with such person is permitted to detail the transactions as a whole, some courts saying it showing system and method, but in reality it is but one continuous transaction, carried on in accordance with a preconceived plan. And so in cases of rape of a child of tender years, the ruin of the child is accomplished in accordance with a preconceived design, and each and every incident of the transaction should be admitted in testimony that the jury may intelligently judge of the real facts of the case. Mr. Underhill, in his work on Criminal Evidence (page 107) lays down the rule that, while evidence of other offenses are generally inadmissible, yet there are certain well-known and established exceptions to the rule, which are as much a part of the rule as any other part. He says: "If several criminal acts committed by the person on trial are so connected with respect to time and locality that they form an inseparable transaction, *and a complete account of the offense charged* in the indictment can not be given without detailing the particulars of such other acts, evidence of any and all the component parts thereof is admissible to prove the general plan." See, also, Bishop's New Criminal Procedure, volume 1, sections 1125 and 1126; Greenleaf on Evidence, volume 1, 15th edition, section 53 and note (b), and decisions there cited; Elliott on Evidence, volume 4, section 2720, lays down the rule: "As a general rule, evidence is not admissible to show that the accused has committed a crime wholly distinct from and independent of that for which he is on trial, but there are cases in which evidence of other like offenses by the defendant is relevant and admissible. If several crims are so intermingled, blended or connected that they form an indivisible criminal transaction and a complete account of the transaction for which the accused is being tried can not be given without showing the others, any or all of them may be usually shown, at least where the offense for which he is being tried is *itself a detail of the whole criminal scheme.* Generally speaking, it may be said that evidence of other crimes is admissible for the purpose of showing—when it fairly tends to do so—motive, intent, the absence of mistake or accident, common scheme, *or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others,"* citing the following cases: Rex v. Ellis, 6 B. & Cr., 145; Reg. v. Roden, 10 Moak, 511; Commonwealth v. Call, 21 Pick. (Mass.), 515, 522; Commonwealth v. Sturtivant, 117 Mass., 122, 132; Commonwealth v. Corkin, 136 Mass., 429; State v. Valwell, 66 Vt., 558, 562; 29 Atl., 1018; People v. Bidleman, 104 Cal., 608; 38 Pac., 502; People v. Dailey, 143 N. Y., 638; 73 Hun (N. Y.), 16; 37 N. E. Rep., 823; 25 N. Y. S., 1050; Mixon v. State (Texas), 31 S. W. Rep., 408; Turner v. State, 102 Ind., 425, 427; 1 N. E., 869; Frazier v. State, 135 Ind., 38, 41; 34 N. E., 817; Bottomley v. United States, 1

Story (U. S.), 135; State v. Folwell, 14 Kans., 105; Walters v. People, 6 Park Cr. Cas. (N. Y.), 15, 22; Reese v. State, 7 Ga., 373; People v. Haver, 4 N. Y. Cr., 171; Phillips v. People, 57 Barb. (N. Y.), 353; 42 N. Y., 200; State v. Desroches, 48 La. Ann., 428; 19 So., 250; State v. Williamson, 106 Mo., 162, 170; 17 S. W., 172; Hickman v. People, 137 Ill., 75; 27 N. E., 88, 89; State v. Testerman, 68 Mo., 408, 415; State v. Perry, 136 Mo., 126; 37 S. W. Rep., 804; Killins v. State, 28 Fla., 313, 334; 9 So., 711; State v. Gainor, 84 Iowa, 209; 50 N. W., 947; Pitner v. State, 37 Texas Crim. Rep., 268, 39 S. W., 662; People v. Poley, 64 Mich., 148, 157; 31 N. W., 94; Heath v. Commonwealth, 1 Rob. (Va.), 735, 743; Brown v. Commonwealth, 76 Pa. St., 319, 337; Commonwealth v. Robinson, 146 Mass., 571, 578; 16 N. E. Rep., 452; Crews v. State, 34 Texas Crim. Rep., 533; 31 S. W. Rep., 373; Morris v. State, 30 Texas Crim. App., 95; 16 S. W. Rep., 757; Dawson v. State, 32 Texas Crim. Rep., 535; 25 S. W. Rep., 21; 40 Am. St., 791; see also Commonwealth v. Major, 198 Pa. St., 290; 47 Atl., 741; 82 Am. St., 803; Glover v. People, 204 Ill., 170; 68 N. E., 464; People v. Moulineux, 168 N. Y., 264; 61 N. E., 286; 62 L. R. A., 193, and elaborate note; State v. Vance, 119 Iowa, 685; 94 N. W. Rep., 204; note in 44 Am. Rep., 299-308; see also People v. Seaman, 107 Mich., 348; 65 N. W., 203; 61 Am. St., 326, and numerous authorities cited and reviewed; note in 42 Am. St., 333, and 48 Am. St., 961; Knights v. State, 58 Neb., 225; 78 N. W., 508; 76 Am. St., 78; Shriedley v. State, 23 Ohio St., 130; Bainbridge v. State, 30 Ohio St., 264; Lindsey v. State, 38 Ohio St., 507.

And Mr. Hughes, in his work on Criminal Law and Procedure, lays down the rule: "Proof of another distinct offense is competent if it in any way tends to prove the accused guilty of the crime for which he is on trial, or where there is such a logical connection between the two that the one tends to establish the other, or where the two acts form but one transaction, or to prove motive and intent." Citing: Lyons v. People, 137 Ill., 612; 27 N. E. Rep., 677; Scott v. People, 141 Ill., 213; 30 N. E. Rep., 329; Hickman v. People, 137 Ill., 80; 27 N. E. Rep., 88; West v. State (Fla.), 28 So., 430; 1 Greenl., Ev., sec. 53; People v. Pallister, 138 N. Y., 601; 33 N. E., 741; Commonwealth v. Sawtelle, 141 Mass., 140; 5 N. E., 312; Maynard v. People, 135 Ill., 432; 25 N. E., 740; Underhill, Cr. Ev., sec. 321; Morre v. United States, 150 U. S., 57; 14 S. Ct., 26; Thomas v. State, 103 Ind., 419; 2 N. E. Rep., 808; 3 Greenl., Ev., sec. 15; Bloomer v. State, 48 Md., 521; 3 Am. Cr. Rep., 41; Commonwealth v. Choate, 105 Mass., 451; State v. Walton, 114 N. C., 783; 18 S. E., 945; Underhill, Cr. Ev., sec. 90; State v. Madigan, 57 Minn., 425; 59 N. W., 490. See also State v. Kent, 5 N. D., 516; 67 N. W. Rep., 1052; People v. Harris, 136 N. Y., 423; 33 N. E., 65; Willingham v. State, 33 Texas Cr. Rep., 98; 25 S. W. Rep., 424; State v. Seymour, 94 Iowa, 699; 63 N. W. Rep., 661; Commonwealth v. Corkin,

136 Mass., 429; Lamb v. State, 66 Md., 287; 7 Atl., 399; Farris v. People, 129 Ill., 521; 21 N. E., 821; Reg. v. Cobden, 3 F. & F., 833; People v. Dailey, 143 N. Y., 638; 37 N. E., 823; 73 Hun, 16; 25 N. Y. Supp., 1050; 1 Greenl., Ev., sec. 108; Snapp v. Commonwealth, 82 Ky., 173; 6 Am. Cr. Rep., 183; Swan v. Commonwealth, 104 Pa. St., 218; 4 Am. Cr. Rep., 183; State v. Vines, 34 La., 1079; 4 Am. Cr. Rep., 295; Williams v. People, 166 Ill., 131; 46 N. E. Rep., 749; State v. Folwell, 14 Kan., 105; State v. Greenwade, 72 Mo., 300; 20 Am. L. Reg., 552; Dawson v. State, 32 Texas Cr. Rep., 535; 25 S. W. Rep., 21; Frazier v. State, 135 Ind., 38; 34 N. E. Rep., 817; People v. Bidleman, 104 Cal., 608; 38 Pac., 502; Commonwealth v. Robinson, 146 Mass., 571; 16 N. E. Rep., 452; State v. Gainor, 84 Iowa, 209; 50 N. W. Rep., 947; Underhill, Cr. Ev., sec. 88. See Hughes' Criminal Law, sec. 3137.

As applying this rule to the offense of rape under the age of consent, there has been much variety of opinion expressed by the various members of the court at different times. In the case of Burnett v. The State, 32 Texas Crim. Rep., 87, this court held: "Appellant was convicted of incest, and his punishment fixed at two years in the penitentiary, from which he appeals. The sole question raised in the case is, whether the State can prove the crime of incest by evidence of more than one act. This is not an open question. It is well settled that, in prosecutions for adultery, or for illicit intercourse of any class, evidence is admissible of sexual acts between the same parties prior to, or, when indicating continuousness of illicit relations, even subsequent to, the act specifically under trial. Whart., Crim. Ev., section 35. The testimony tends strongly to establish illicit relations, long continued, between the parties, and, if true, there can be no question of appellant's guilt."

This was followed and applied to the offense of rape under the age of consent in the cases of Hamilton v. State, 36 Texas Crim. Rep., 372; Callison v. State, 37 Texas Crim. Rep., 211; Manning v. State, 43 Texas Crim. Rep., 302; Cooksey v. State, 58 S. W., 103. And in Hanks v. State, 38 S. W., 173, our present presiding judge, Judge Davidson, speaking for the court, says: "Appellant was convicted of an assault with intent to rape a girl under fifteen years of age, and given five years in the penitentiary, and prosecutes this appeal. On the trial of the case the State was permitted to prove, over the objection of the appellant, previous assults upon the prosecutrix made by the defendant for the purpose of having intercourse with her. Defendant also complains that the charge fails to limit the effect of this testimony. The very questions raised here were discussed fully in the case of Hamilton v. State (decided at the present term of this court), 36 Texas Crim. Rep., 372, 37 S. W., 431. The trial judge in this case seems to have followed literally the decision in that case. We deem it unnecessary to discuss the question, and on the authority of Hamilton's Case the judgment is affirmed."

In the case of Robertson v. State, 51 Texas Crim. Rep., 493, 102 S. W. Rep., 1131, Judge Davidson, speaking for the court, says, in a case of rape under the age of consent: "If the State had offered evidence of two distinct transactions, the appellant could have required the prosecution to have elected upon which they would ask a conviction, etc." In the cases of Stone v. State, 45 Texas Crim. Rep., 91, 73 S. W. Rep., 956; Henard v. State, 46 Texas Crim. Rep., 90, 82 S. W. Rep., 655; Blackwell v. State, 51 Texas Crim. Rep., 24, 100 S. W. Rep., 755; Innocente v. State, 53 Texas Crim. Rep., 390, 110 S. W. Rep., 61; Zachary v. State, 57 Texas Crim. Rep., 179, 122 S. W. Rep., 263; Bader v. State, 57 Texas Crim. Rep., 293, 122 S. W. Rep., 555; Eckerman v. State, 57 Texas Crim. Rep., 287, 123 S. W. Rep., 424; Wofford v. State, 60 Texas Crim. Rep., 624, 132 S. W. Rep., 929; Foreman v. State, 60 Texas Crim. Rep., 576, 134 S. W. Rep., 229, and other cases that might be cited, the evidence as recited in the opinions, shows that more than one act of intercourse was admitted in evidence, and while it does not appear that the question was raised in this court or presented by a bill of exceptions as to the admissibility of this testimony in the latter cases, yet these cases are strongly persuasive that the doctrine that other acts of intercourse in cases of rape on a child are not admissible, has not met with the approval and sanction, nor appealed to the judgment of the bench and bar, and that the adverse holdings of this court in the cases of Ball v. State, 44 Texas Crim. Rep., 489, 72 S. W. Rep., 384; Smith v. State, 73 S. W. Rep., 401; Barnett v. State, 44 Texas Crim. Rep., 592, 73 S. W. Rep., 399; Hackney v. State, 74 S. W. Rep., 554; Henard v. State, 46 Texas Crim. Rep., 90, 79 S. W. Rep., 810, and Smith v. State, 74 S. W. Rep., 557, are not believed by a great majority of the trial judges of this State to be the law as applicable to this offense, and in so far as the opinion in these cases or any other case conflicts with this opinion, they are expressly overruled.

Upon our accession to the bench, finding these three lines of decisions in our reports: (1) That when a person is prosecuted for rape on a person under the age of consent, other acts of intercourse are admissible, and the court need not limit them in its charge; (2) that other acts are not admissible, and (3) when admitted, the State should be required to elect upon which act it relies for conviction, and it being impossible to reconcile the opinions in the various cases, we have gone to the reports of other States in the Union to learn with which line of decisions was the great weight of authority.

In Tennessee, in a well-considered opinion, it is held in Sykes v. State, 112 Tenn., 576, 82 S. W. Rep., 185: "The general rule is that evidence of offenses other than that for which the defendant is on trial can not be introduced. Kinchelow v. State, 5' Humph., 10. But there are well-established exceptions. Peek v. State, 2 Humph., 78; Williams v. State, 8 Humph., 585; Britt v. State, 9 Humph., 31;

Vol. LXIII Crim.—11.

Defrese v. State, 3 Heisk., 53, 8 Am. Rep., 1; Cole v. State, 6 Baxt., 239; Dobson v. State, 5 Lea, 273; Mynatt v. State, 8 Lea, 47; Murphy v. State, 9 Lea, 374; Links v. State, 13 Lea, 710, 711; Foute v. State, 15 Lea, 712; Rafferty v. State, 91 Tenn., 655, 664, 665; 16 S. W. Rep., 728. The principle is that no evidence is competent which is not of a character to throw light on the issue, and it is usually true that proof of other crimes committed will not reflect any light upon the special crime with which the defendant stands charged. But in a case like the one before us, other acts of intercourse do illustrate and tend to prove the commission of the particular act of intercourse which the State has elected to try the prisoner on, because they show the relations—the state of intimacy—existing between the prisoner and the girl, and tend to make very probable the commission of the crime charged.

"In the class of cases we are dealing with, and in cognate cases, there is a conflict of authority as to whether evidence may be introduced tending to show subsequent acts, but the great weight of authority is in favor of the admissibility of prior acts. Bass v. State, 103 Ga., 227, 29 S. E., 966; Taylor v. State, 110 Ga., 150, 35 S. E., 161; Commonwealth v. Lahey, 14 Gray, 91; State v. Snover, 64 N. J. Law, 65, 44 Atl., 850; State v. Jackson, 65 N. J. Law, 62, 46 Atl., 767; State v. Kemp, 87 N. C., 538; State v. Pippin, 88 N. C., 646; State v. Guest, 100 N. C., 410, 6 S. E., 253; State v. Dukes, 119 N. C., 782, 25 S. E., 786; Commonwealth v. Bell, 166 Pa., 405, 31 Atl., 123; State v. Potter, 52 Vt., 33; Crane v. People, 65 Ill. App., 492; State v. Briggs, 68 Iowa, 416, 27 N. W., 358; State v. Henderson, 84 Iowa, 161, 50 N. W., 758; State v. Clawson, 32 Mo. App., 93; Lawson v. State, 20 Ala., 65, 56 Am. Dec., 182; McLeod v. State, 35 Ala., 395; Cross v. State, 78 Ala., 430; Brevaldo v. State, 21 Fla., 789; United States v. Griego (N. M.), 72 Pac., 20; People v. Jenness, 5 Mich., 305; People v. Skutt, 96 Mich., 449, 56 N. W., 11; People v. Schilling, 110 Mich., 412, 68 N. W., 233; State v. Markins, 95 Ind., 464, 48 Am. Rep., 733; Lefforge v. State, 129 Ind., 551, 29 N. E., 34; State v. De Hart, 109 La., 570, 33 South., 605—cases covering prosecutions for various forms of illicit commerce between the sexes—fornication, adultery and incest.

"Upon the trial of an indictment for rape in the second degree—a crime in substance the same as the violation of the age-of-consent law in this State—it was held in New York that evidence of prior acts of intercourse between the defendant and the female in question was admissible, as tending to establish the commission of the special act under examination, and to corroborate the evidence of witnesses testifying thereto. People v. Grauer, 12 App. Div., 464, 42 N. Y. Supp., 721. To same effect, see State v. Peres, 27 Mont., 358, 71 Pac., 162; Reg. v. Chambers, 3 Cox, C. C., 92.

"In a prosecution for an assault with intent to commit rape, it has been held in this State that evidence of prior assaults for the same

purpose was admissible, as tending to show the intent with which the assault in question was made.    Williams v. State, *supra.*    See also People v. O'Sullivan, 104 N. Y., 481, 10 N. E., 830, 58 Am. Rep., 530; State v. Scott, 172 Mo., 536, 44 Texas Crim. Rep., 569, 72 S. W., 897; People v. Abbott, 97 Mich., 484, 56 N. W., 862, 37 Am. St. Rep., 360; State v. Walters, 45 Iowa, 389.

"In prosecutions for lewdness, it has been held in this State that it is competent to prove both prior and subsequent acts.    Mynatt v. State, *supra;* Cole v. State, *supra.*    In the following cases, arising in other jurisdictions, it has likewise been held that, in prosecutions for sexual crimes, it is competent to introduce evidence of subsequent acts in corroboration or explanation of the act in question, or for the purpose of showing the relation and mutual disposition of the parties, viz.:    Lawson v. State, *supra;* Alsabrooks v. State, 52 Ala., 24; Crane v. People, 65 Ill. App., 492, affirmed in 168 Ill., 395, 48 N. E., 54; State v. Witham, 72 Me., 531; State v. Williams, 76 Me., 480; State v. Way, 5 Neb., 283; State v. Robertson, 121 N. C., 551, 28 S. E., 59.

"The following observations upon the general subject occurring in Thayer v. Thayer, 101 Mass., 111, 100 Am. Dec., 110, are deemed useful in the present inquiry, although that was an action for divorce. In disapproving of Commonwealth v. Horton, 2 Gray, 354, and particularly of Commonwealth v. Thrasher, 11 Gray, 450 (both prosecutions for adultery), in which latter case it had been held that prior acts of improper familiarity, which themselves amounted to adultery betwen the same persons, were inadmissible either in corroboration of witnesses for the commonwealth, or to show the disposition of the parties to commit the crime, the court said: 'But by the application of the rule laid down in these cases, evidence tending to establish an independent crime is to be rejected, although all acts which are only acts of improper familiarity are to be admitted in proof.    There is no sound distinction to be thus drawn.    There is no difference between acts of familiarity and actual adultery committed, when offered for the purpose indicated, except in the additional weight and significance of the latter fact.    The adulterous disposition of the defendant and the *particeps criminis* can not be shown by stronger evidence than the criminal act itself.    There is no one act by which the moral status of the parties is more clearly defined, and, for the purposes and with the limitations here stated, evidence of it is always admissible.'    And the court also said: 'The fact that the conduct relied on has occurred since the filing of the libel does not exclude it, and proof of the continuance of the same questionable relations during the intervening time, as in the case at bar, will add to its weight.'    This case was followed and approved in Commonwealth v. Nichols, 114 Mass., 285, 19 Am. Rep., 346, wherein it was held that, on the trial of an indictment for adultery, evidence of other acts of adultery committed by

the same parties near the time charged, though in another county, was admissible to support the indictment.

"In State v. Bridgman, 49 Vt., 202, 24 Am. Rep., 124, in which evidence of both prior and subsequent acts of intercourse was offered, the court, after holding that evidence of prior acts was admissible, continued: 'It is further urged that, if this evidence of prior acts is admissible, there is a distinction between it and that of subsequent acts, and that the latter is not admissible. But this relation of intimacy, as before suggested, does not usually take place suddenly, and the fact of its existence at any time, to that extent that intercourse was actually had, would be some evidence that the relation had been existing previously, and, offered with evidence of other acts so as to show the relation to be continuous through a period covering the time in question, would be quite material and convincing. The important question is whether the facts would be legitimately material, and, if they were, then whether prior or subsequent would be of no importance.' "

In Missouri, in case of rape, where the prosecuting witness testified to a number of acts continuing until she was fourteen years of age, the court holds: "It is clear that each act of carnal intercourse testified to by the prosecutrix constituted a separate, distinct and substantive offense. This being true, it is insisted by appellant, first, that the act of sexual intercourse first testified to by the prosecutrix should be treated under the law as an election by the State as the act of carnal intercourse upon which it would rely for conviction, and that all the other evidence as to acts of sexual intercourse by the defendant with the prosecutrix, either prior or subsequent to the time first designated in her testimony, was incompetent and irrelevant, and should have been excluded by the court. Where a conviction is sought for the commission of an act of sexual intercourse which constitutes the offense at some particular time, there is a sharp conflict in the authorities upon the proposition of the admissibility of evidence tending to show prior and subsequent acts of intercourse, as evidence tending to show the commission of the acts of intercourse upon which the conviction is sought. We shall not undertake to review the authorities upon this subject. The reasonable limits to which an opinion should be confined is our only apology for failing to do so. It is sufficient to say upon this proposition that we have read with a great deal of care and interest the numerous cases in other States dealing with this subject, and the weight of authority seems to fully support the doctrine, in cases similar to the one now under consideration, that evidence of acts occurring prior to the act for which the accused is being tried, as tending to prove the particular act upon which the conviction is sought, is admissible. This court, in the case of State v. Scott, 172 Mo., 536, 72 S. W. Rep., 897, and State v. Patrick, 107 Mo., 147, 17 S. W., 666, has already indicated that upon that branch of the proposition it is in line with the weight of authority. It was expressly

ruled in those cases that prior acts of the defendant were admissible in evidence as tending to show the commission of the act upon which a conviction was sought." State v. Palmberg, 97 S. W., 566. See, also, State v. Sechrist, 126 S. W. Rep. (Mo.), 400.

In People v. Sullivan, 104 N. Y., 481, the rule in New York is stated to be: "It is quite true that it is a general rule of law that, upon the trial of a prisoner for one offense, it is improper to prove that he has been guilty of other offenses, as where a prisoner is put upon trial for larceny, or burglary, or murder, it is incompetent to prove that he has been guilty of other larcenies or burglaries or murders, or other crimes. In this case it would have been incompetent to prove that the defendant had committed or attempted to commit a rape upon any other woman. But where a prisoner is tried for a particular crime, it is always competent to show, upon the question of his guilt, that he had made an attempt at some prior time, not too distant, to commit the same offense. Upon the trial of a prisoner for murder it is competent to show that he had made previous threats or attempts to kill his victim. (People v. Jones, 99 N. Y., 667.) Upon the same principle it must always be competent to show that one charged with rape had previously declared his intention to commit the offense, or had previously made an unsuccessful attempt to do so. In this case, if witnesses, other than the complainant, could have been called, who witnessed the unsuccessful attempt of the defendant to ravish the complainant four days before the crime was in fact accomplished, no one would have questioned the competency of their evidence. And the evidence is not rendered incompetent because it comes from the complainant herself. It is not as valuable, or trustworthy, or important, as if it had come from other witnesses. It probably did not have a very important bearing with the jury because, unless they believed her evidence as to the principal offense, they would not believe her evidence as to the prior attempt. But it may have had some tendency to corroborate her story as to the principal offense, and thus may have had some weight with the jury. But whether it was important or not, there is no rule which condemns it, and there is abundant authority to justify its reception. (Wharton's Crim. Ev., 35, 46, 49; State v. Knapp, 45 N. H., 148, 156; Strang v. People, 24 Mich., 16; Sharp v. The State, 15 Texas Crim. App., 171; Regina v. Reardon, 4 F. & F., 76; Regina v. Jones, 4 Law Rep., 154; Rex v. Chambers, 23 Cox Cr. C., 92; Williams v. The State, 8 Humph., 585; State v. Walters, 45 Iowa, 389; Commissioners v. Merriam, 14 Pick., 518; State v. Marvin, 35 N. H., 22; State v. Wallace, 9 id., 515; State v. Way, 5 Neb., 283; Lawson v. The State, 20 Ala., 65."

In The State v. Markins, 95 Ind., 464, the rule is laid in Indiana as follows: "It is a rule of elementary logic, as well as of rudimentary law, that evidence which tends to establish facts rendering it antecedently probable that a given event will occur, is of a material

relevancy and strong probative force. It is more probable that in-
cestuous intercourse will take place between persons who have con-
ducted themselves with indecent familiarity than between those whose
behavior has been modest and decorous. It can not be doubted that
it is competent to show the previous intimacy between the persons
charged with the crime of incest, their behavior toward each other
and their acts of impropriety and indecency. If it be proper to show
acts of indecent and lascivious character, then, surely, it must be
proper to show the act to which all such indecent and lascivious acts
lead, and in which they will often culminate. It can not be held,
upon any principle of law or logic, that the State may show acts of
improper intimacy up to the very act of sexual intercourse, and then
must stop, although the sexual intercourse is but the usual result
of the previous lascivious conduct. If the course of conduct tends to
show that the incestuous intercourse charged in the indictment did
take place, then, surely, the culminating act of sexual commerce must
be evidence of a convincing character. It would be a singular rule that
would admit evidence of lascivious conduct, and yet exclude evidence of
the act, which of all the series supplies the strongest evidence that the
crime charged was one likely to be committed. If the rule were that
the State might show previous lascivious conduct, but must not show
an act of sexual intercourse, we should have the singular anomaly of
a legal rule rejecting evidence simply because of its strength and im-
portance. The usual rule of common sense, as of law, is that the more
material the evidence, and the stronger its probative force, the
greater the reason for holding it to be competent.

"The intercourse between the sexes which constitutes the prime ele-
ment in the offenses of adultery, fornication, incest and seduction, can
only take place by the concurrence of two persons of opposite sexes,
and the previous lascivious conduct of the parties is evidence of their
disposition to indulge their lustful passions. The probability that a
woman will yield to the embraces of a man to whom she has before
submitted, or to whom she has for a long time allowed improper
familiarities, is much stronger than if it appear that no intimacy had
existed between the parties, and the woman's conduct had always
been modest and discreet. The disposition of the parties involved in
the crime becomes an element of importance, and the disposition of
the woman is shown by her conduct toward the man with whom she
joins in violating the law. It is but natural to infer that a woman,
whose conduct has been immodest and lascivious, will be more likely
to sin than one whose conduct has been modest and discreet. A truth
recognized by the ordinary sense and experience of mankind was well
expressed when it was said: 'You will more readily infer assent in
the practiced Messalina, in loose attire, than in the reserved and vir-
tuous Lucretia.'

"The general rule undoubtedly is, that one crime can not be proved
in order to establish another independent crime, but this rule does

not apply to cases where the chief element of the offense consists in illicit intercourse between the sexes. The decisions all agree that the cases growing out of illicit commerce between the sexes are not within the general rule. In the case of People v. Jenness, 5 Mich., 305, it was held that evidence of other acts of sexual intercourse was competent in prosecution for incest. The case was fully argued, and the opinion is an able one. We quote from it the following: 'Previous familiarities, not amounting to actual intercourse but tending in that direction, must have a strong bearing in all cases of this kind; and we can discover no just principle on which they could have been excluded, without setting at defiance the common sense of mankind. Such evidence was given in this case by the father and mother of the girl, without objection from the defendant; and if such familiarities may be shown because they *tend* to prove actual intercourse, or to corroborate other evidence of such intercourse, upon what principle can previous *actual intercourse* be rejected, when offered for the same purpose? It is the principal and most important act of familiarity, to which the others only tended.'

"The general rule which governs the class of cases to which the present belongs is thus stated in Lawson v. State, 20 Ala., 65: 'In all cases, whether civil or criminal, involving a charge of illicit intercourse within a limited period, evidence of acts anterior to that period may be adduced in connection with, and in explanation of, acts of similar character occurring within that period, although such former acts would be inadmissible as independent testimony, and, if treated as an offense, would be barred by the statute of limitations.' This statement of the rule is substantially borrowed from the text-writers. 2 Greenl., Ev., section 47; Wharton, Crim. Ev., section 35. In discussing the general subject, the Supreme Court of Massachusetts said: 'The intent and disposition of the parties toward each other must give character to their relations, and can only be ascertained, as all moral qualities are, from the acts and declarations of the parties. It is true that the fact to be proved is the existence of a criminal disposition at the time of the act charged; but the indications by which it is proved may extend, and ordinarily do extend, over a period of time both anterior and subsequent to it. The rules which govern human conduct and which are known to common observation and experience are to be applied in these cases, and in all other investigations of fact. An adulterous disposition existing in two persons toward each other is commonly of gradual development; it must have some duration, and does not suddenly subside. When once shown to exist, a strong inference arises that it has had and will have continuance, the duration and extent of which may be usually measured by the power which it exercises over the conduct of the parties.' Thayer v. Thayer, 101 Mass., 111." In later cases the same rule is applied to the offense of rape under the age of consent. See Cross v. State, 138 Ind., 254.

In the case of State v. Peres, 27 Mont., 359, in a prosecution for the rape of a female under the age of consent, the rule is thus laid down in Montana: "On the trial of the cause the prosecuting witness was permitted, over the objection of the defendant, to testify to acts of intercourse between herself and the defendant prior to the act complained of and for which the defendant was then being tried. This is assigned as error. While there may be some slight conflict in the authorities on this point, confessedly the great weight of authority is in favor of the admissibility of this class of evidence; not to prove substantive offenses upon which conviction might be had, but in corroboration and explanation of the testimony concerning the commission of the act charged. People v. Jenness, 5 Mich., 305; Whart., Cr. Ev. (8th ed.), section 35; People v. O'Sullivan, 104 N. Y., 481, 10 N. E., 880, 58 Am. Rep., 530; Mitchell v. People (Colo. Sup.), 52 Pac., 671.) In State v. Robison, 32 Oregon, 43, 48 Pac., 357, in discussing the precise question under consideration, the court says: 'It is next insisted that the court was in error in allowing the prosecution to give evidence tending to show more than one act of criminal intercourse between the defendant and the prosecutrix. The reason assigned for the objection to this testimony is that it violates the rule which prohibits evidence of a distinct crime unconnected with that alleged in the indictment to be given against the prisoner. As a general rule, the principle invoked is unquestioned, although there are in fact many exceptions, which it is unnecessary to attempt to point out at this time, as the authorities fully sustain the competency of the evidence offered and admitted in this case, not for the purpose of proving a different offense, but to show the relation and familiarity of the parties, and as corroborative of the prosecutrix's testimony concerning the particular act relied upon for a conviction. (Strang v. People, 24 Mich., 1; People v. Abbott, 97 Mich., 484, 56 N. W., 862, 37 Am. St. Rep., 360; Commonwealth v. Merriam, 14 Pick., 518, 25 Am. Dec., 420; Hardtke v. State, 67 Wis., 552, 30 N. W. Rep., 723; Taylor v. State, 22 Texas App., 529, 3 S. W. Rep., 753; People v. O'Sullivan, 104 N. Y., 481, 10 N. E. Rep., 880, 58 Am. Rep., 530.) It was for this purpose alone the evidence in question was admitted, as expressly stated at the trial court at the time, and as subsequently fully explained to the jury in the charge."

In the case of the State v. Fetterly, 33 Wash., 600, the rule is thus laid down in Washington: "The appellant, William D. Fetterly, was informed against for the crime of rape, alleged to have been committed upon the person of his stepdaughter, a female child of the age of sixteen years. He pleaded not guilty to the information, and a trial was had thereon, resulting in a verdict of guilty, on which he was adjudged guilty and sentenced to a term in the penitentiary.

"The appellant first assigns that the court erred in allowing the prosecuting witness to testify to acts of carnal intercourse occurring between herself and the appellant at times other than the one charged

in the information. In State v. Wood, *ante,* p. 290, 74 Pac., 380, we held that, in a prosecution for incest, it was permissible for the State to prove acts of incestuous intercourse between the defendant and the prosecuting witness occurring prior to the specific act charged in the information; this, not to prove a substantive offense upon which a conviction might be had, but on the same principle that evidence of the antecedent conduct and demeanor of the parties toward each other is admissible, as tending to show the probability of the commission of the specific act charged, and as corroborative of the testimony of the prosecuting witness. In principle there is no distinction in this respect between a prosecution where the charge is incest and a prosecution where the charge is rape upon a female child under the age of consent. The same reason that renders the testimony admissible in the one case renders it admissible in the other, and such is the effect of the authorities. State v. Robinson, 32 Ore., 43, 48 Pac., 357; People v. Abbott, 97 Mich., 484, 56 N. W., 862, 37 Am. St., 360; People v. Castro, 133 Cal., 11, 65 Pac., 13; State v. Peres, 27 Mont., 358, 71 Pac., 162."

In the case of Reinohl v. State, 62 Neb., 624, in a prosecution for rape on a child under age, it is held: "It is also argued that the court erred in the admission of certain evidence of the prosecutrix regarding prior associations and certain alleged statements and conversations by the defendant to her some three or four months prior to the time of the alleged crime. The evidence objected to tended to prove that the defendant was desirous of being alone with the prosecutrix, and at such times would speak to her of things indecent and vulgar to a degree not permissible here to repeat, and which were well calculated to familiarize the child with and obtain her acquiescence in the acts of the defendant of which he is accused. The evidence, as it seems to us, must have some probative value for the purpose of showing the intentions of the defendant toward the prosecutrix, and the object to be accomplished, and which was finally consummated by the act complained of. It, if believed, disclosed the method pursued by him, and his relations to the child, which finally led to the accomplishment of his purpose. It evidenced his intentions and ultimate object, though perhaps in a lesser degree, as would be the case if he had declared to another that he would do what it is charged he did in fact do. It is related to, and has a material bearing upon, the ultimate fact sought to be established by the prosecution, and assists, in some degree at least, in arriving at the truth of the principal fact in controversy. Greenleaf, Evidence (16th ed.), secs. 14o. and 14q., and authorities there cited. We perceive no error in the admission of the evidence complained of."

In the case of State v. Snover, 65 N. J., 292, it is held: "Among the exceptions to this general rule there is one that seems to be well recognized, as applying to the trial of offenses involving illicit intercourse between the sexes. The principle is that, in prosecutions for

adultery, evidence of prior acts of improper familiarity or adultery between them, the same parties, is admissible after or in connection with evidence of the particular carnal act shown. The competency of this evidence arises from the fact that it proves the relations and mutual dispositions of the parties. 1 Am. & Eng. Ency. L., 214; 2 Whart., Cr. L. (9th ed.), 1733; Wharton, Cr. Evid. (9th ed.), 35; 1 Am. Dig. (Cent. ed.), 2013, section 30.

"In Commonwealth v. Thrasher, 11 Gray, 450, there was a distinction made between improper familiarity and the substantive act of adultery—prior acts of the former character being held admissible, but of the latter inadmissible. This doctrine was distinctly overruled by the Supreme Court of Massachusetts in Thayer v. Thayer, 101 Mass., 111, and in Commonwealth v. Nichols, 114 Mass., 285.

"Mr. Justice Van Syckel, in the recent case of State v. Jackson, *ante,* p. 62, speaking for the Supreme Court of the State, fully affirms the doctrine I have just stated, and says that the later cases, which he cites, almost uniformly declare such evidence to be admissible."

The same rule is. laid down in a prosecution for rape under age of consent and other similar offenses in the case of the State v. Knapp, 45 New Hampshire, 147.

In the case of People v. Jenness, 5 Mich., 305, it is said: "In Lawson and Swinney v. State, 20 Ala., 65, the court says: "In all cases, whether civil or criminal, involving a charge of illicit intercourse within a limited period, evidence of acts anterior to that period may be adduced in connection with, and in explanation of, acts of a similar character occurring within that period, although such former acts would be inadmissible as independent testimony, and, if treated as an offense, would be barred by the statute of limitations.'

"We think there is much good sense in these decisions, and that a crime consisting of illicit sexual intercourse, like the present, involves different principles in this respect, and should be governed by different rules from those which apply to offenses generally, or perhaps to any other class of offenses. This offense can only be committed by the concurrent act of two persons of opposite sexes, and the assent or concurrence of the one is as essential to the commission of the offense as that of the other; and, as a general rule, both must be guilty, or neither.

"In the case of an indictment against the man for such intercourse (and it might be the same if the woman were on trial, though the inference would be less strong), previous familiarities, and the general or habitual submission of the female to his sexual embraces, must, in the nature of things, tend to render it much more probable that the like intercourse took place on the occasion charged—the opportunity being shown. And such is the force and ungovernable nature of this passion, and so likely in its indulgence to be continued between the same parties, when once yielded to, that the constitution of the human

mind must be entirely changed before any man's judgment can resist the force of such an inference to be drawn from previous acts of intercourse between the same persons. See the force of such evidence illustrated in Weatherly v. Weatherly, 29 Eng. L. & Eq., 605. This is not showing the commission of other merely similar offenses, but a repetition of the same offense between the same persons, and in all its criminal features necessarily identical.

"Again: Such previous acts necessarily show concert and a common design of both the parties to commit the act charged, and habitually to indulge their criminal desires as opportunity might offer, and making, in some respects, the act of each the act of both. Hence, such evidence shows a much greater probability of the commission of the offense charged, by showing her habitual willingness to yield to his embraces, thus removing a chief obstacle to such intercourse and furnishing a better opportunity, greater temptation or motive and superior facilities for the indulgence of his passion in accordance with such common design.

"Previous familiarities, not amounting to actual intercourse, but tending in that direction, must have a strong bearing in all cases of this kind; and we can discover no just principle on which they could have been excluded, without setting at defiance the common sense of mankind. Such evidence was given in this case by the father and mother of the girl, without objection from the defendant; and if such familiarities may be shown because they tend to prove actual intercourse, or to corroborate other evidence of such intercourse, upon what principle can previous actual intercourse be rejected, when offered for the same purpose? It is the principal and most important act of familiarity, to which the others only tended." See also State v. Tom Elsholf, 92 Mich., 167.

In the case of People v. Fultz, 109 Cal., 258, the rule is thus laid down in California: "In prosecutions for rape, committed by the defendant upon his daughter, a child under twelve years of age, evidence of other rapes and acts of lewdness committed upon her is admissible under the facts of the case," holding that each case must be judged from the facts in evidence.

In Mitchell v. People, 24 Colo., 534, it is held in a prosecution for rape on a girl under fifteen years of age: "All the acts proved were within the period of the statute of limitation, and that evidence of other acts of sexual intercourse between plaintiff in error and the prosecuting witness were not introduced to prove substantive offenses, upon which a conviction might be had, but in corroboration and explanation of the evidence of the act charged. For this purpose the evidence of other acts was clearly admissible."

In the case of State v. Borchert, 68 Kan., 360, in a prosecution for rape, it is held: "The real inquiry here is whether the evidence objected to did fairly tend to show that the defendant was guilty of the one criminal act for which he was prosecuted. The State offered it

as supporting the charge by showing the previous relations between the defendant and the prosecuting witness. It is well settled that in prosecutions for a single act forming a part of a course of illicit commence between the sexes, it is permissible to show prior acts of the same character. (1 Cent. Dig., col. 2013, sec. 30; 27 id., col. 44, sec. 11.) Such cases are sometimes, as in State v. Markins et al., 95 Ind., 464, 48 Am. Rep., 733, said to form an exception to the general rule that one crime can not be proved in order to establish another independent crime. In fact, however, they fall within the rule already stated. Such evidence is admitted, not because it proves other offenses, but in spite of that fact. Its justification is that it is corroborative of the direct evidence of the offense charged. This is illustrated by a peculiarity of the decisions in Massachusetts. There it was formerly held that in prosecutions for adultery the actual commission of the same offense could not be shown, although any prior familiarities between the same parties short of that might be. This ruling is thus commented upon by Mr. Bishop: 'According to which doctrine, if the evidence is a little weak, yet tending remotely to establish the crime, it may be submitted to the jury; but if it is a little stronger, and tends more clearly to the same result, it must be excluded.' The Massachusetts court has since rid itself of this anomalous doctrine and conformed to the generally accepted rule. (Bish., Stat. Cr., sec. 680, and cases cited.)

"While the reasons for admitting the evidence of former acts of illicit intercourse may be stronger in prosecutions for offenses involving the actual consent of both parties, they have some application in such a case as the present, where force is no essential element of the offense. They have frequently been held to apply in incest prosecutions where the facts differed in no important particular from those shown by the evidence in this case. In Taylor v The State, 22 Texas Crim. App., 529, 3 S. W., 753, 58 Am. Rep., 656, they were given effect in a case of statutory rape, although they were there inaccurately summarized as having relation to defendant's 'motive.' "

In the case of the State v. Neel, 23 Utah, 541, it is held: "Evidence of improper familiarity between defendant and the prosecutrix before the commission of the alleged criminal act is admissible on behalf of the State in prosecution for rape." Wharton, Cr. Ev. (9th ed.), section 46, says: "Evidence of prior sexual assaults on the prosecutrix is admissible on an indictment for rape." In Lanphere v. State, 114 Wis., 200, it is held: "Upon a prosecution for rape of a child under the age of consent, where the circumstances were such that, had she been over the age of consent, the offense would have been fornication, evidence of other violations of her by the defendant was admissible as tending to corroborate the testimony as to the particular act charged."

In the case of State v. Robinson, 32 Oregon, 43, it is held: "On a prosecution for rape committed on a child under the age of consent,

evidence of acts of sexual intercourse between the defendant and the prosecutrix other than the one charged are admissible for the purpose of showing the relation of the parties, and to corroborate the testimony of the prosecutrix."

In the case of the State v. Parish, 104 N. C., 679, it is held: "Where there was testimony tending to show that a prisoner charged with rape had had carnal intercourse, forcibly and against her will, with his daughter, a girl about twelve years old, at various times, for nearly two years prior to the finding of the indictment, it was not error to refuse to compel the prosecution to elect between the different transactions till the close of the evidence on behalf of the State, and where there are several counts, each covering separate transactions punishable in the same way, or only one count, testimony as to two or more transactions falling under the charge, the judge may, in his discretion, refuse to allow a motion to force the prosecution to elect, and may determine the time when the election is to be made, if at all."

In the case of Commonwealth v. Bell, 166 Pa., 405, it is held: "Seven of the nine specifications of error filed in this case really raise but one question, and that is, whether, in a prosecution for incestuous fornication, it is competent for the Commonwealth to introduce evidence of illicit relations between the parties prior to the commission of the specific offense laid in the indictment. In Wharton on Criminal Evidence, section 35, it is said by the learned author that, 'in prosecutions for adultery or for illicit intercourse of any class, evidence is admissible of sexual acts between the parties prior to, or when indicating continuousness of illicit relations, even subsequent to, the act specifically under trial.' This is in accord with the rule as stated in Greenleaf on Evidence, vol. 2, section 47, and in Am. & Eng. Ency. of Law, vol. 1, page 214, and vol. 10, p. 344. Roscoe, in his treatise on criminal evidence, says the notion that acts of improper intimacy can not be shown if they disclose other and distinct offenses of the same nature as the one charged in the indictment, is exploded. To this point the language of the court in State v. Markins, 95 Ind., 464, is so pertinent that we quote it: 'It would be a singular rule that would admit evidence of lascivious conduct and yet exclude evidence of acts which, of all the series, supplies the strongest evidence that the crime charged was one likely to be committed. If the rule were that the State might show previous lascivious conduct, but must not show an act of sexual intercourse, we should have the singular anomaly of a legal rule rejecting evidence simply because of its strength and importance.' " See, also, People v. Flaherty, 50 N. Y. Sup., 574; People v. Skutt, 96 Mich., 449; State v. Leffage, 129 Ind., 551; People v. Patterson, 102 Cal., 239; State v. Forsythe, 99 Iowa, 1, 42 Cent. Dig., under the title of "Rape," and authorities there cited; Cyc., vol. 33, page 1483, and authorities there cited, it being held: "In prosecutions for statutory rape on a female under the age of consent, or a woman imbecile, it is generally held that

proof of other acts prior to that alleged in the indictment is admissible. See also title "Rape," vol. 23 Am. & Eng. Ency. of Law, page 882, and authorities cited.

We have copied excerpts from many authorities, and it thus seems that the great weight of authority is in favor of admitting testimony of acts of inducement leading up to the offense, and acts of intercourse committed prior to the beginning of the prosecution. As before stated, in this State heretofore there has been a conflict in the decisions as applicable to the offense of rape of a child under the age of fifteen, but, as said in some of the authorities quoted, if the acts which constitute rape on a child under the age of fifteen years, were committed by some person after she had passed the age of fifteen, those acts would constitute the offense of fornication or adultery, and in an unbroken line of decisions this court has held that, in prosecutions for fornication and adultery, other acts of intercourse are admissible in evidence. When they are living together each act of intercourse is an offense in adultery and fornication. It seems strange, and there is no logical reason why, if the same acts are committed on a person sixteen years of age, and a prosecution is instituted, other acts of carnal intercourse are admissible in evidence, yet, if the same acts are committed on a child under fifteen, and denominated "rape," the evidence is inadmissible. The hope of our State and nation depends on the purity and preservation of our homes, and the purity of our homes can only be preserved by protecting the virtue of our girls until they arrive at the years of discretion and judgment, and it is the policy of the State, and a wise one, to render every assistance in the accomplishment of that purpose and to punish severely all persons who, by insiduous means, gain the confidence of children for the purpose of defiling them. A girl under fifteen years of age can be easily led astray, when taken away from the protecting care of a mother by one in whom she has confidence, or when solicited by her father or uncle, and a lecherous scoundrel who casts his lascivious eyes on a pure maiden and conceives and forms the design to have carnal intercourse with a child under fifteen, and by his conduct induces, either through love or fear, the child to submit to his embraces, is a criminal of the type most hurtful to society, and we do not feel inclined to limit the rules of evidence more strictly in that character of case than is applicable to other offenses against the law. And we hold that all acts and conduct that can be considered, and were intended as an inducement to render the accomplishment of his purpose possible, admissible in evidence, and where the facts show that a father, or person standing in *loco parentis,* or who, by any tie, would cause a child to look to him for guidance, or person who stands in such relation that the child would be susceptible to his wiles, and such person or persons shall, after the acts of inducement, have sexual intercourse with such child at available opportunities, all such acts of intercourse are admissible in testimony, and this, we think, is

supported not only by the great weight of authority, but by practically all the decisions of the higher courts in the different States in the Union. The court did not err in admitting the testimony complained of in this case, and had he, under the facts of this case, admitted evidence of other acts of sexual intercourse occurring prior to the date for which appellant was being prosecuted, he would not have erred, limiting the purposes, of course, for which such other acts were admitted. In fact, it is one continuous transaction, scheme and plan, and the different acts of intercourse are but episodes of the preconceived design, and a jury can not intelligently pass on the case without knowing all the facts incident thereto.

This disposes of the main contention of appellant, but as there are other complaints in the motion for new trial we will now consider each of them. The prosecuting witness, Ida Dutton, testified that the act of intercourse took place in Mustang Creek bottom, and there was no error in permitting the witness Britton to testify that about the date alleged he saw defendant and a woman in a buggy standing still at a point about where the offense is alleged to have been committed.

Appellant also complains that several grounds of his motion for new trial were not disposed of in the original opinion in this case, each of which is that the court erred in not permitting Warren Sharp to testify as an expert as to the identity of the handwriting of a letter received by Mr. Hancock from Will T. Brown. The court subsequently changed his ruling in this regard, and admitted this letter and testimony in evidence, and submitted the question in his charge to the jury; consequently this presents no error. And in this connection we will say that the court did not err in refusing to give the requested charge in regard to this letter. The court in his main charge submitted the issue that if the jury believed Ida Brown, *nee* Dutton, wrote the letter, for what purposes it should be considered by them, and if she did not write it, there was no evidence that called for a charge on whether she sanctioned or approved it. She positively denied any knowledge of the letter.

Neither did the court err in permitting in evidence letters written by Brown to prosecuting witness. The defendant introduced a letter signed by W. T. Brown to Hancock, had offered evidence, and was insisting that the letter was written by prosecuting witness, who signed W. T. Brown's name thereto. Having offered evidence to support that theory, and had the prosecuting witness write the name of W. T. Brown for comparison, it was not error to admit in evidence genuine letters shown to have been written and signed by W. T. Brown, that the jury might compare the signature and handwriting in passing on the question raised by appellant.

The court did not err in holding Ida Dutton was not an accomplice by her acts and conduct. It has been held in a number of decisions of this court that, when a child under age is raped, even though the

acts done are with her consent and approval, this does not constitute her an accomplice.

Special charge number seven, requested by defendant, was given by the court, and there was no error in refusing to give the other special instruction requested, taking into consideration the qualifications thereof by the court, and the reasons for his refusal to give them. It appears that the argument of ·counsel was in response to remarks of appellant's counsel, as shown by the qualification to bill of exceptions number four and other bills accepted and filed by defendant, and, as thus presented, they present no error.

All other questions raised in appellant's motion for a rehearing are passed on in the original opinion.

The motion for·· rehearing is overruled.

*Overruled.*

PRENDERGAST, Judge.—I fully concur.

DAVIDSON, Presiding Judge.—I do not concur, and, will make some observations later.

DAVIDSON, Presiding Judge (dissenting).—After reviewing the opinion of my brethren, I have reached the conclusion it is unnecessary to do more than to enter my dissent without extended comment. I am persuaded that a casual reading of the opinion will be sufficient to demonstrate its legal unsoundness, as well as to discover the incongruities and fallacies to be found in it.